E. C. KNIGHT v. THE ALBEMARLE AND RALEIGH RAILROAD COMPANY.

*Negligence—Instructions to Jury—Evidence.*

1. When the pleadings and proofs develop several aspects of the case upon which the right to recover depends, it is error to single out one and to charge the jury particularly in respect thereto, and give only general instructions as to the others —especially where special pertinent instructions have been requested.

2. What is negligence, is a question of law for the Court when the facts are ascertained; and when the evidence is conflicting, the Court should instruct the jury that it is or is not negligence, accordingly as they might find the facts to exist.

CIVIL ACTION, tried at Fall Term, 1891, of EDGECOMBE Superior Court, *Bryan, J*, presiding.

The complaint alleges that the plaintiff planted and produced crops in the years 1887, 1888 and 1889 on a tract of land situate on and near Coneto creek; that the said defendant constructed a bridge over and across said creek and a part of its road-bed so negligently, and so kept and maintained the same during said years, as to obstruct and prevent the free and natural flow of the water of said creek, and thereby ponded the same upon the plaintiff's said crops and greatly endamaged them, etc.

The answer denies the material allegations of the complaint, alleges that the said creek is a low, flat swamp of little fall, having a very sluggish current with a shallow run about the middle; that the water is ponded, if at all, by a county road embankment; that the said swamp and creek is full of trees, swamp undergrowth, logs, rafts and accumulated trash, all of which greatly obstructed and retarded the flow of the water through said creek; that the ponding complained of was also occasioned by extraordinary rain-falls, etc.

On the trial the defendant, among other things, asked the
Court to instruct the jury as follows:

12. " If you are satisfied by the testimony, that the lands
and crops were damaged at the alleged times, then you will find
what damage there was, and then what caused it, whether it
was done by the following causes taken and acting together,
or by one or more of them, that is, the obstruction by the
county road, the insufficiency of the creek as a drain in itself,
the want of sufficient ditching, the effect of bad crop seasons
and extraordinary rain-falls, the obstruction by the railroad,
the want of sufficient cultivation, and the obstruction to the
water by the trash, logs, rafts and trees in the creek.   If you
find there was such damage, and that the railroad caused it
in part, then it becomes your duty to ascertain what part of
the damage was caused by the railroad; and if the plaintiff,
it being his duty to do so, has not satisfactorily shown and
proved to you what part was caused by the railroad, you will
find that there was no damage."

The Court declined to give such instruction, but told the
jury, in directing them upon the issue as to damages, that
" if the damage sustained by the plaintiff is due to the
embankment of the public road, or any part of it is due to
that cause, or any *other cause* than the negligent construction
of the railroad embankment, the defendant is not liable for
such damage."

The defendant excepted.

. There was evidence tending to prove " that the swamp of
the creek is very low and full of trash, trees, tree-tops, logs
and rafts; the water in it flows very slowly; the water is held
back and checked in its flow by the trees, tree-tops, trash, logs
and obstructions in the old canal."   The defendant alleged
contributory negligence, and an appropriate issue in that
respect was submitted to the jury.   There was evidence of
such negligence.

There was a verdict and judgment thereon for the plaintiff, and the defendant appealed.

No counsel for plaintiff.
*Mr. John L. Bridgers* (by brief), for defendant.

MERRIMON, C. J.— after stating the case: There was evidence on the trial tending to prove that the flow of the water of the creek mentioned was obstructed, retarded and ponded back in some considerable measure by the trees, tree-tops, trash, logs and like obstructions. This evidence was pertinent and important, and the Court should have appropriately directed the attention of the jury to it, as it did particularly direct their attention to other pertinent evidence; especially it should have done so in compliance with the defendant's special request. Although the defendant may not have been entitled to the whole of the instruction asked for and denied, still the Court should have given so much thereof, or the substance of it, as it was entitled to have. The Court instructed the jury in the course of its charge that "if the damage sustained by the plaintiff is due to the embankment of the public road, or if any part of it is due to that cause, or any other cause than the negligent construction of the railroad embankment, the defendant is not liable for such damage." This, we think, was not a sufficient compliance with the defendant's request. Taking the latter, the evidence and instruction thus given, it may have been, perhaps was, misleading to the jury. The Court directed their attention specially "to the embankment of the public road" as an obstruction to be considered, and also to *"any other cause"* of obstruction as to which there was evidence, but as it had expressly denied the special instruction asked for, based in part upon the evidence in respect to obstructions caused by "the trash, logs, rafts and trees in the creek," the jury may have supposed that these did not constitute obstructions to

be considered by them, otherwise the Court would have mentioned them, just as it did the embankment which was also mentioned in the special instruction. As the Court directed their attention specially and gave prominence to one cause of obstruction specified in this instruction, and did not in that connection, or at all, mention other similar prominent causes so specified, the jury may have believed that the latter were not such obstructions as they ought to consider. The omission (no doubt inadvertent) may have misled the jury, and hence there is error.

In respect to the alleged contributory negligence of the plaintiff, the Court instructed the jury that "the rule of law is, that if the circumstances were such that *a man of ordinary care and prudence* would have planted and cultivated his crop upon said lands, then he was not guilty of contributory negligence." In this there is error. What is negligence is a question of law, to be decided by the Court when the facts are ascertained, accepted as true or admitted, and when the evidence is conflicting the Court should tell the jury that there would or would not be negligence, accordingly as they might find the facts to be in varying aspects of the evidence. *Emry* v. *Railroad*, 109 N. C., 589, and the cases there cited. If the Court should fail, in complicated cases, to instruct the jury as to every possible aspect of the evidence, this would not be error, unless the complaining party should ask it to do so. Such cases are, in this respect, not different from other cases. But the Court should, as in other cases, be careful to present every just, distinct view of the evidence to the jury, with appropriate instructions as to the law applicable.

The defendant is entitled to a new trial, and we so adjudge.

Error.