JOSEPH KAHN v. ATLANTIC AND NORTH CAROLINA RAILROAD COMPANY.

*Action for Damages—Negligence—Ordinary Care—Province of Judge and Jury—Practice—Instruction to Jury.*

1. Upon the trial of an action involving the question of ordinary care, it was error to leave the question to the jury upon no other instruction than that "ordinary care was such as an ordinarily prudent man would have used in the protection of his own property," the well established practice being that "if the facts are undisputed, it is for the Court to decide; if they are controverted, or if the inferences to be drawn therefrom are doubtful, the jury must find such facts or inferences, and the Court must instruct them as to the law applicable thereto."

2. In an action for damages resulting from the negligence of the defendant or his agents while in his service, the plaintiff is required to prove the negligence as a part of his case.

CIVIL ACTION, begun before a Justice of the Peace and tried on appeal at Fall Term, 1893, of CRAVEN Superior Court before *Bynum, J.,* and a jury. The plaintiff sought to recover $150 as damages for the loss of property by fire at the company's depot at Newbern. The defendant denied the allegations of the complaint.

Upon the trial the plaintiff testified that he came to Newbern on the night of the 15th of April, 1889, on the Atlantic and North Carolina Railroad, having a trunk containing clothing, etc., valued at $150; he had a check for the trunk and demanded delivery of the trunk on the morning of the 17th of April, 1889.

Samuel L. Dill for defendant testified, "Was Superintendant and Passenger Agent of defendant in April, 1889. That train on the 15th of that month and year arrived about six o'clock P. M., about sunset. The custom in Newbern is that baggage is delivered upon delivery of check. Generally

immediately after train arrives.  It was moved.  We have a baggage room ; we store it in, and hold it until parties call for it.  We charge no storage.  We have the baggage under lock and key.  Watchman in the yard.  We never had a piece stolen.  The building, one story.  In it were waiting rooms, sleeping apartments and a baggage room.  This building was burned in 1889.  Don't know how fire originated.  The same burnt about three or four o'clock A. M.; I was there.  Had a man who looked after stoves, etc.  Plaintiff demanded trunk two or three hours after fire.  I saw part of trunk after fire.  Not a large trunk  Examined some of contents therein.  Saw nothing but paper sacks.  Thick paper burnt easier than shoes and pants.  I asked plaintiff what his damage was.  He would not say.  I got to fire in twenty minutes.  Don't think it caught in centre of building.  Fire was near baggage room.  We saved safe and tickets.  Don't think baggage room was opened at all  We let a man sleep in the sleeping-room.  He was an employee.  Don't think he was in there that night.  I can't swear that the articles set out by plaintiff were not in trunk, but don't think they were.  Blake slept in room.  He was a careful and prudent man."  .

Morris Sultan for plaintiff testified:  " That he was at fire.  Got there immediately after alarm.  Pump opposite office.  I had charge of hose.  Boyd and several others in office handed out things.  Back part in blaze.  Door of baggage room closed.  Room between baggage room and office.  Boyd handed things out.  Boyd ticket agent.  Fire in back part of baggage room, and partition was burning.  Don't know what was lost.  All of the work that was done was in the ticket office.  I know plaintiff, he is a drummer.  I got there five minutes after fire began.  I belong to a steam fire company.  Good engine.  Building pretty well burned, the fire was eating its way towards baggage room and the partition was on fire when I got there.  There was no effort made

in baggage room. We could not make any because door was locked. We were putting water on fire. We try to save property sometimes."

His Honor charged the jury that the defendant, if liable at all upon the testimony, was liable as a warehouseman and not as common carrier. That it being admitted that the defendant had received the property of the plaintiff, and had failed to deliver it upon the demand of plaintiff, that the burden was upon the defendant to satisfy the jury by a preponderance of the testimony as to the reason of the failure to deliver the said property when demanded, or that the said property, if lost or destroyed, had been destroyed through the negligence of the defendant or its employes.

Defendant excepts to so much of said charge as states that that the burden, etc., was on the defendant to show that said property had not been lost or destroyed through defendant's negligence.

His Honor also charged the jury that the defendant was required to use ordinary care for protecting said property, and that ordinary care was such care as an ordinarily prudent man would have used in the protection of his own property.

Defendant excepted to so much of said charge as stated that " ordinary care was such care as an ordinarily prudent man would have used in the protection of his own property."

The jury found the issues in favor of the plaintiff. Motion for a new trial was overruled, and there was exception by the defendant. Judgment for the plaintiff, and the defendant appealed.

*Mr. P. H. Pelletier,* for plaintiff.

*Messrs. W. W. Clark* and *P. M. Pearsall,* for defendant (appellant).

SHEPHERD, C. J.: There was error on the part of the Court in leaving the question of ordinary care to be determined

KAHN *v.* RAILROAD COMPANY.

by the jury, upon no other instruction than that "ordinary care was such care as an ordinarily prudent man would have used in the protection of his own property." This is obnoxious to the ruling in *Emry* v. *Railroad,* 109 N. C., 589; *Knight* v. *Railroad,* 110 N. C., 58, and the long line of decisions cited in the opinions in those cases. The well-established practice in this State is, that "if the facts are undisputed, it is for the Court to decide; if they are controverted, or if the inferences to be drawn from them are doubtful, the jury must find such facts or inferences, and the Court must instruct them as to the law applicable to the same." Emry's case, *supra.*

There was also error in so much of the charge as states that the burden was on the defendant to show that the property had not been lost or destroyed by reason of the defendant's negligence. It very clearly appears that the defendant's liability as a common carrier had ceased when the property was destroyed by fire, and that it was liable only as a warehouseman, for a want of ordinary care. *Hilliard* v. *Railroad,* 6 Jones, 343; *Chalk* v. *Railroad,* 85 N. C., 423.

"The rules of law require, in an action for damages resulting from the negligence of the defendant, or his agents and employees while engaged in his service, that the plaintiff shall prove the negligence as a part of his case" (*Doggett* v. *Railroad,* 81 N. C., 461), and we see nothing in the record to show that the present case falls within any of the exceptions to this general principle.                    New Trial.