E. D. CHESSON v. THE JOHN L. ROPER LUMBER COM-
PANY.

*Action for Damages—Master and Servant—Negligence of*
*Master—Injury to Servant—Fellow-Servants—Instruc-*
*tions.*

1. A master owes to his servant the duty of using ordinary care
   to procure sound and safe appliances, and is answerable
   when the servant is injured by defective ways, implements,
   machinery or appliances, if a proper inspection could have
   remedied the defect and prevented the injury.

2. Where plaintiff was injured while loading trucks with lumber
   because of defective stringers on a platform which he was
   required to use, and in the trial of an action against his
   employer for damages there was evidence that the defend-
   ant had employed carpenters to inspect and repair the plat-
   form, and there was also evidence that an ordinary inspec-
   tion would have disclosed the defect, it was error to refuse an
   instruction that it was the duty of the carpenters employed
   for the purpose to make a reasonably diligent inspection,
   and, if they failed to do so, defendant was guilty of negligence,
   and to charge the jury, in lieu of such requested instructions,
   that, if the defendant provided in the beginning a safe and
   proper platform and appointed competent men to keep it so,
   it performed its duty to plaintiff unless it actually knew
   of the defects or might, by reasonable diligence, have known
   of them.

3. Carpenters employed by a master to inspect and repair, if nec-
   essary, a platform used by an employee in loading and
   unloading lumber, are not fellow-servants of the employee.

4. It is error to leave a jury to determine what is ordinary care or
   reasonable diligence under any given circmstances, and to
   decline to give proper instructions which will enable them to
   apply " the rule of the prudent man " to given phases of the
   testimony.

5. Where, in the trial of an action involving the question of negli-
   gence, the facts are admitted and not more than one infer-
   ence can be drawn from them, the question whether there
   has been negligence is for the court; but, where the evi-
   dence is conflicting, or where more than one inference can be
   drawn from it the court should, upon proper request, instruct
   the jury whether, in any particular aspect of the testimony,
   there was negligence as alleged.

CIVIL ACTION, brought by the plaintiff to recover dama-
ges for an injury alleged to have been caused by the defend-
ant's negligence, and tried at Fall Term, 1895, of WASHING-
TON Superior Court, before *Green, J.,* and a jury. The
issues submitted were :   (1). Was the plaintiff injured by
the negligence of the defendant as alleged ?   (2). Did the
alleged injury result from the negligence of the plaintiff's
fellow-servants ?   (3). What damage, if any, has the
plaintiff sustained ?

On the trial before the jury the plaintiff offered the
following evidence :

E. D. Chesson, plaintiff, testified as follows : Prior to
September 25th, 1893, I had worked for defendant and
on that day I was loading lumber from a shed on train.
There was a platform used as a walk-way and for loading
trucks.   The underneath stringers under the floor were
rotten.   It fell on that day and broke my ankle.   I did
not know of the rottenness. I am 35 years old. Was earn-
ing $1.00 per day, now cannot earn more than half so much
on account of my broken ankle.   It injures me in walk-
ing so much so I can't follow the plow, lift things, etc.   A
workman could have discovered the defects if examination
had been made.   I do not say that the defect could have
been discovered by ordinary observation.   I know that
Davenport & Leggett did work on the shed, they did no
repairs on the platform as I know of.   I was taken home
when I was hurt.   Remained three weeks before I could
get out.   I commenced working in three months and got
eighty cents per day.   I left the company in May.   Mr.
Roper said unless I drew the suit he would have to drop
my name from the pay rolls.   I had never culled any shin-
gles before.   Mr. Roper told me a good shingle culler
could get $1.25 per day.   Leggett was there when I

went.   Davenport came after I went there.    I am not a carpenter.    The defect could have been discovered.

L. B. Marriner testified : I saw the walk-way the day after the accident.    It was rotten.    It was attached to two-by-four scantling.    Any ordinary examination would have discovered its defects.    I could have discovered the rottenness if I had been sent to examine it.    Looks to me like a man might have discovered it by examination with a hatchet.°   I saw six trucks.    They would not have broken it if it had been sound.    Leggett & Davenport were engaged to make repairs for the company.    If there was neglect to repair it was fault of Davenport & Leggett.    Mr. Savage was the general manager.    Davenport & Leggett were carpenters.

Chas. Spencer testified : I saw the platform after it fell. It was rotten.   If a plank had been taken up the rottenness could have been discovered.   By tapping it underneath with a hammer the defect could have been discovered, by use of a hatchet or by knocking it.    By a person going under and looking slightly it could not have been discovered.    Nobody could have seen it from the top without taking up the plank.    There was no cover over platform.  Plaintiff knew it was not covered.

The plaintiff here introduced evidence as to the extent of his injury and rested his case.

The defendant introduced no evidence.

Besides the issues set out in the record the defendant tendered one as to contributory negligence on the part of the plaintiff, but in their argument to the jury their counsel admitted that the plaintiff was not guilty of contributory negligence, and this issue was therefore withdrawn from the jury by request of defendant's counsel and consent of plaintiff's counsel.    The court charged the jury as follows :

CHESSON *v.* LUMBER COMPANY.

" The burden of proving negligence rests on the party alleging it, and where a person charges negligence on the part of another as a cause of action he must prove the negligence by a preponderence of evidence. The jury are instructed that in determining the question of negligence in this case they should take into consideration the situation and conduct of both parties at the time of the alleged injury as disclosed by the evidence, and if the jury believe from the evidence that the injury complained of was caused by the negligence of defendants as charged in the complaint, and without any greater want of care and skill on the part of the plaintiff than was reasonably to be expected from a person of ordinary care, prudence and skill in the situation in which he was placed, then the plaintiff is entitled to recover."

First Exception.—To this part of the charge the plaintiff excepted :

" The carpenters employed to repair the shed or walkway are not fellow-servants with the plaintiff in this action, and the defendant would be liable for their negligence if they were negligent." To this part of charge the plaintiff did not except.

The plaintiff requested the court to charge the jury that reasonable care would require the defendant to do more than look. It was the duty of their carpenters to make such an examination as would reasonably discover whether the walk-way was sound, and if they failed to do this, the defendant would be guilty of negligence.

The court refused to so charge, and the plaintiff excepted.

At the request of the defendant the court charged the jury as follows : " If the defendant provided in the beginning a safe and proper platform and appointed competent and proper servants to keep it so, it performed its duty to the plaintiff, unless it actually knew of the alleged defects

or by reasonable diligence might have known of them or knowing failed to remedy them." To this part of the charge the plaintiff excepted.

The court further charged, at the request of the defendant:

" That the defendant did its duty if it had the platform inspected by competent persons and it was not necessary for it to tear up the platform or to cut into it, unless it had reason to suspect the defect, in order to ascertain the defect." To this part of the charge the plaintiff excepted, and this is his fourth exception.

The court further charged at the defendant's request:

" That a latent defect is one which is hidden or concealed so as not to be apparent to ordinary observation and examination. If the accident which caused the injury in this case resulted from a latent defect in the platform, then the defendant is not liable to the plaintiff unless it knew of said defect or could have known of it by ordinary care and diligence, and the burden is upon the plaintiff to show that it did know of it, or by the exercise of ordinary care might have known of it, or knowing failed to remedy it. The law presumes that the defendant has done its duty to the plaintiff in these respects." To this part of the charge the plaintiff excepted.

The court further charged the jury as follows, as requested by the plaintiff:

" 1. It was the duty of the defendant to use proper care and diligence to keep the platform described in the pleadings in safe and secure condition, and it owed this duty to the plaintiff as one of its employes, and if you find from the greater weight of testimony in this case that the defendant neglected to discharge this duty it would be guilty of negligence.

"2. The plaintiff charges in his complaint that the defend-

ant furnished and used an insecure, unsafe, rotten and defective platform and that it had notice, or by reasonable care and diligence could have had notice of this defect. The burden of proof is upon the plaintiff to satisfy you by the greater weight of testimony that the platform was insecure, rotten, unsafe or defective, and that the defendant had notice or by reasonable care and diligence could have had notice of these defects, and that his injuries were caused by it, and if you find from the testimony that it was rotten and insecure and that the defendant had notice of its rottenness and insecurity, or by reasonable care and diligence could have had notice thereof, and that by reason of the insecurity and rottenness the platform fell and that the plaintiff was injured thereby, without any fault on his part, you will answer the first issue 'Yes.'

"3. If the plaintiff has failed to so satisfy you you will answer the first issue 'No.' "

The court then charged the jury on the question of damages, to which there was no exception.

The jury answered the first issue " No," and returned their verdict into court.

The plaintiff asked that the verdict be set aside and a new trial granted.

"1. Because the verdict is contrary to all the evidence and is not supported by any part thereof.

"2. Because the court erred in the first part of its charge as above set out, in not telling the jury what would in law constitute negligence, and what would in law constitute reasonable care and diligence, and in allowing them to pass upon the question of the plaintiff's negligence when that was not claimed by the defendant.

"3. Because the court erred in not charging the jury as requested by the plaintiff, as above set out as his second exception.

4. Because the court erred in charging the jury as requested by the defendant, as above set out in his third exception.

5. Because the court erred in charging the jury as requested by the defendant, as above set out in his fourth exception, as there was no evidence that the defendant had ever had the platform inspected, or that it was necessary to tear it up or cut into it to find the defects.

6. Because the court erred in charging the jury as requested by the defendant as above set out in his fifth exception, in that there was no evidence to support the same, and the court failed to charge what would constitute ordinary observation and examination, and ordinary care and diligence, and as to the presumption that it performed its duty.

7. Because the court allowed the jury to pass upon the law as well as the facts in the charge given as above set out and excepted to.

Motion for new trial overruled, and plaintiff duly excepted and appealed.

*Mr. A. O. Gaylord*, for plaintiff (appellant).
*Messrs. Battle & Mordecai*, for defendant.

AVERY, J.: A master not only owes to his servant the duty of using ordinary care to procure sound and safe appliances and machinery, but also to provide for him a place in which to do his work and a way of access to and departure from it, that are reasonably safe. 1 Shearman & Red. Neg., sec. 194, and note; *Buzzell* v. *M'f'g Co.*, 48 Me., 113. On entering into employment, the servant has a right to assume that the master has discharged this duty (*Railroad* v. *Hines*, 132 Ill., 161; 22 Am. St. Rep., 515, and note; *Carter* v. *Oil Co.*, 34 S.

118—5

C , 211 ; 27 Am. St. Rep., 817) and may without culpability act upon that assumption until some defect becomes so apparent, that by exercising ordinary care in the regular course of his employment, he might discover it. The employer has a right to have and use imperfect methods and tools, and to ask others to enter into his employment to aid him in such use, and in so doing he does not undertake to insure the employee. *Rogers* v. *Railroad Co.*, 97 Mich., 265. If the appliances or machinery are not the best, the servant contracts in contemplation of the kind or variety used and impliedly assents to their continued use till the courts declare it culpable to fail to procure something better and safer, because it has became reasonable on account of improvements in methods or machinery to require the master to do so. *Mason* v. *Railroad*, 111 N. C., 482. But the other implication which arises out of such agreements imposes upon the employer the duty of exercising greater care to protect the employee from injury due to the defective condition of appliances than is required of the latter in guarding against accident. The servant is culpable if he fail to discover such a defect as would have been apparent, without a thorough examination, if he had used ordinary diligence to discover it. The master is answerable on the other hand whether the servant is injured by defective ways, implements, machinery or appliances, if a proper inspection could have prevented it. While the master may not be required always to furnish the best machinery, appliances, ways and houses, he is under legal obligation to examine and inspect from time to time all of these things, that he may supply for his servant, if the safety of the latter depends upon their condition, and to use ordinary care and skill to discover and repair such defects in them as are calculated to expose the servant to peril in the course of his employment. *Shear-*

*man & Red., supra,* Sec. 194; *Vosberg* v. *Railroad Co.,* 94 N. Y., 374; *Gotlich* v. *Railroad,* 100 N. Y., 467; *Mann* v. *Railroad,* 111 N. C., 482; *Hudson* v. *Railroad,* 104 N. C., 491. The employer is chargeable with notice of a disorder or deficiency in anything which it is his duty to keep in reasonably safe condition, if a proper inspection would have disclosed its existence.

The plaintiff was injured while loading trucks with lumber, because the stringers that supported the floor of the platform which he was required to use were *rotten,* when an ordinary examination would (as a witness testified) have disclosed its defect. The defendant was therefore negligent in that aspect of the evidence if it failed to have such inspection made, or if it failed to repair the stringers within a reasonable time after discovering their condition. The two carpenters employed to inspect the platform and make needed repairs were, in so far as that duty was concerned, not fellow servants of the plaintiff, but representatives of the company. *Railroad Co.* v. *Herbert,* 116 U. S., 642. The plaintiff entered into no contract to incur risks arising from the negligence of the *alter ego* of the company, which is in contemplation of law its own culpability, but only such as were caused by the carelessness of those in a common employment with himself. *Railroad* v. *Ross,* 112 U. S., 383. The plaintiff asked the court to instruct the jury that it was the duty of the carpenters employed for the purpose, to make a reasonably diligent inspection, and if they failed to do so the defendant was guilty of negligence. In lieu of this the court told the jury that " if the defendant provided, in the beginning, a safe and proper platform and appointed competent and proper servants to keep it so, it performed its duty to the plaintiff, unless it *actually* knew of the alleged defects, or by *reasonable diligence* might have known of them, or knowing failed

to remedy them." The carpenters being *pro hac vice* the embodiment of its authority, the company was negligent, if they failed to make an inspection, especially where there was testimony tending to show that an examination would have disclosed the condition of the platform and probably have prevented the injury. When requested to apply the law to the evidence, it was error in the court to refuse the specific instruction asked and leave the jury to guess or arbitrarily determine what was reasonable diligence on the part of the defendant, and whether it owed its employee the duty of seeing that a proper inspection was actually made by its agents appointed for the purpose. *Emry* v. *Railroad*, 109 N. C., 589. If the jury believed that a reasonably careful examination of the platform by the carpenters would have disclosed the fact that it was unsafe for the purpose for which it was used, and would have given the company such timely notice of its condition as would have enabled it by due diligence to have remedied the defects and prevented the injury, they ought to have been made to understand by more specific instruction than was given, that such omission of duty was the proximate cause of the accident, because in that view of the testimony it was the neglect to improve the last clear chance to obviate it. *Pickett* v. *Railroad*, 117 N. C., 616. Whatever may be the rule elsewhere, it is error according to the settled law of this State to leave the jury to determine what is ordinary care or reasonable diligence under any given circumstances, and to decline to give proper instructions which will enable them to apply " the rule of the prudent man " to given phases of the testimony introduced by the parties. *Kahn* v. *Railroad*, 115 N. C., 638 ; *Haynes* v. *Gas Co.*, 114 N. C., 203 ; *Joyner* v. *Roberts*, 114 N. C., 389. Where the facts are admitted and not more than one inference can be drawn from them, the question whether there has been

negligence is for the court.   *Deans·v. Railroad*, 107 N. C.,
686.   Where the evidence is conflicting, or where more
than one inference may be deduced from it, it is the duty
of the court upon a proper request of counsel to instruct
the jury whether in any particular aspect of the testimony
there was negligence as alleged in the pleadings.   *Knight*
v. *Railroad*, 110 N. C., 58.   For the error in refusing the
instruction asked and substituting that given, the plaintiff
is entitled to a

New Trial.