[No. 8518. Department One. February 5, 1910.]

MARC SODERBURG, *Appellant*, v. JOE WELLS, *Respondent*.[1]

MASTER AND SERVANT—SAFE PLACE—INSPECTION—DUTY OF SERVANT—INSTRUCTIONS. Where a brick mason was injured by the fall of a projecting wall upon which he was set to work, the first course of the projection having been laid by other masons as a stretcher course instead of a header course, he cannot recover because of the employer's duty to furnish him a safe place in which to work, and failure to give notice of the danger, if by the exercise of reasonable care he would have discovered the defect; and instructions sufficiently cover the point where the jury are told that he had a right to assume that the place for work was reasonably safe, and was not bound to anticipate danger or make an inspection, in the absence of knowledge of the defect or such notice as would lead him in the exercise of due care to such knowledge.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered June 2, 1909, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a brick mason in the fall of a wall. Affirmed.

*M. H. Ingersoll, Reynolds, Ballinger & Hutson*, and *Bates, Peer & Peterson*, for appellant.

*Hudson & Holt*, for respondent.

RUDKIN, C. J.—On and for some time prior to the 21st day of July, 1908, the defendant was engaged in the construction of the armory, at Tacoma, under contract with the state. The plaintiff was in his employ as a mason or bricklayer. On the above date the brick wall on the 11th street side of the building had been constructed to a height of from 25 to 30 feet above the street level, and was thirteen inches in thickness at the top. Two projecting courses of brick had been laid on the wall, the first or lower course projecting two inches beyond the outer surface of the wall, and the

[1]Reported in 106 Pac. 751.

second projecting two inches beyond the first. The plaintiff, who had been working on another part of the building, was directed to lay a third course on the wall, projecting two inches beyond the second. There being no scaffold to support him, the plaintiff was compelled to stand on the top of the brick wall while performing the duty assigned him. After he had laid a few brick he attempted to step from the wall onto the joist within, and as he did so the wall gave way beneath him, precipitating him to the street below and causing the injury for which a recovery is here sought. The jury returned a verdict in favor of the defendant, and from the judgment entered on this verdict the plaintiff has appealed.

The only errors assigned arise out of the giving and refusing of instructions, and a brief statement of the grounds of negligence upon which the appellant relies becomes necessary to a proper understanding of the questions thus presented. In laying the projecting courses of brick, to which reference has been made, the first course was laid as a stretcher course—that is, the brick were laid lengthwise along the wall. The second projecting course was a header course—that is, the brick were laid crosswise of the wall. The appellant offered testimony tending to show that it is customary in laying projecting courses of brick, where the courses project as much as two inches, to lay the first course as a header, and that a wall is dangerous where the first course is laid as a stretcher. On this testimony, the appellant contended that he had a right to rely upon this custom; that it was the duty of the respondent to notify him that the courses were not laid in the usual and customary way, and that a failure to do so was negligence. There was testimony to the contrary, but the court is not concerned with that question. On the issue thus presented the appellant requested the following instructions, which the court refused and allowed an exception:

"If you find from the evidence that in building projecting courses of brick upon a wall it was the custom of builders,

when the projections were two inches, to build the first projecting course as a 'header' course; and if you further find that the plaintiff did not know that the first projecting course described in the evidence was built as a stretcher course, and such construction was not plainly visible to him at the place in which he was directed to work, he was not bound to examine or inspect such first projecting course to see if it was built as a header, but he had the right to assume that it was built in the usual manner.

"You are instructed that if you find from the evidence that there is some established custom among bricklayers regarding the manner of constructing the first projecting course in brickwork, where the projecting is as great as two inches, and you further find that the first projecting course referred to in the testimony was not according to such custom, and by reason thereof made it more dangerous to persons working on said wall, then it was the duty of the master to warn the servant of such construction if the same was not open, obvious and apparent to the servant from his working place, and the master's failure so to do, under such circumstances, would constitute negligence."

The following instructions were given by the court, to which the appellant excepted:

"Now in determining whether the defendant was guilty of negligence in failing to notify the plaintiff of that fact, you are to apply the same rule. If you find that an employer acting with reasonable prudence would have given such notice, then you may find that the defendant was guilty in that respect. But if you find that an employer acting with reasonable prudence would not have given such notice, then you must find that the defendant was not negligent in that respect, and if you find that the defendant was not negligent in that respect you could not, of course, bring any verdict based on any negligence that does not exist or that you do not find exists.

"Even though you should find that the wall was improperly constructed, even though you should further find that notice should have been given to the plaintiff of the nature of the lower course of the projection, you should not find, even then, for the plaintiff, if it appears to you from the evidence that the plaintiff ought to have known the nature of the

lower course of the projection. Even where an employer has been negligent, if an employee knows of that negligence, knows he has been negligent, and knowing such fact, continues to work without making complaint as to the condition, the employee is held to have assumed the risk; and in determining whether the plaintiff in this case assumed the risk or not you should not only hold him charged with what he actually knew, but you should hold him charged with what he might with reasonable diligence have known. So that among other questions submitted to you, is the question of whether or not the plaintiff ought not, in the exercise of reasonable diligence, to have known that this lower course was a stretcher course, and if you find that he ought to have so known, your verdict should be for the defendant."

Also the following additional instructions not excepted to:

"A servant working upon the construction of a building at a place designated by the master or his foreman, has the right, in the absence of knowledge to the contrary, and in the absence of such notice as would lead him in the exercise of due care and prudence to such knowledge, to assume that the place of work is a reasonably safe one for that character of work. The servant is not bound to anticipate any defect or danger in the place of his work, caused or committed by the negligence of the master or his foreman, in the absence of knowledge on the part of the servant or notice which would lead him in the exercise of care and prudence, to such knowledge. . . . It was the duty of the defendant or his foreman, if he knew of the negligent or defective construction, to warn plaintiff of the condition of the wall and the danger to be apprehended from its condition, if any, before directing plaintiff to go upon the wall, unless the condition of the wall was such that the plaintiff, in the exercise of ordinary prudence, ought or should have known of its condition. And one matter that you are entitled to consider in determining what knowledge ought to be imputed to the plaintiff is his experience in the business in which he was engaged at the time of the accident."

Before examining these instructions, it may be well to ascertain the rule of law applicable to the question before the trial court, and to measure the instructions complained

of, in the light of that rule. We must look to the conduct of the average prudent man for the standard of due care, and by that standard the duties and obligations of both the master and the servant must be measured and determined. The rule that the master must furnish the servant with a safe place to work, and with safe instrumentalities, is well and firmly established, but whether that duty is performed well or ill by the master, if the failure of the servant to exercise reasonable care results in his injury he cannot recover.

In discussing the safe place doctrine, in *Borden v. Daisy Roller Mill Co.*, 98 Wis. 407, 74 N. W. 91, 67 Am. St. 816, the court said:

"In the discussion and decision of this case the rule has been kept clearly in mind that a servant is not obliged to search for defects in instrumentalities furnished for his use, but may rely on the duty of the master to see that they are reasonably safe; yet such rule does not militate at all against that other rule, just as well settled in the law of negligence, that the master may rely on the duty of the servant to observe all defects and dangers which reasonable attention to · the work in hand will generally disclose to a person of ordinary intelligence and experience in such work."

In *Illinois Cent. R. Co. v. Sanders*, 58 Ill. App. 117, the court said:

"A man cannot decline to see, and then hold the master liable, excusing his own negligence by saying that he was under no primary obligation to investigate."

In *Evansville & T. H. R. Co. v. Duel*, 134 Ind. 156, 33 N. E. 355, the court said:

"While the employee may repose confidence in the prudent and cautious adherence to duty by the employer, yet, he may not repose that blind confidence in the performance of the employer's duty which fails to observe the patent defects which an ordinary observation of the employee's duty would readily disclose."

In *Chesson v. Roper Lumber Co.*, 118 N. C. 59, 23 S. E. 925, the court said:

"The servant is culpable if he fail to discover such a defect as would have been apparent, without a thorough examination, if he had used ordinary diligence to discover it."

Our own decisions are in entire harmony with this rule. *Jennings v. Tacoma R. & Motor Co.*, 7 Wash. 275, 34 Pac. 937; *Olson v. McMurray Cedar Lumber Co.*, 9 Wash. 500, 37 Pac. 679. Measured by this rule, wherein are the instructions given by the court deficient? Wherein do they differ from the instructions requested by the appellant? The court instructed the jury that a servant working upon the construction of a building at a place designated by the master or his foreman has a right to assume that the place of work is a reasonably safe one for that character of work, and that the servant is not bound to anticipate any defect or danger in the place of his work caused or committed by the negligence of the master or his foreman. These statements are only qualified by the expression, "In the absence of knowledge to the contrary and in the absence of such notice as would lead him in the exercise of due care and prudence to such knowledge." The court did not tell the jury, in so many words, that the appellant was not bound to examine or inspect the wall, but did tell them that he had a right to assume that the wall was safe, unless he had knowledge or notice to the contrary. These instructions clearly did not relieve the master of any duty imposed upon him by law, nor did they impose upon the servant any duty or burden not sanctioned by law.

We are, therefore, of the opinion that the instructions complained of were in harmony with the law, and that no error was committed in failing to give other instructions setting forth the duties of the master in different language. If the instructions requested were more favorable to the appellant than those given—and we do not so consider them—they were not in harmony with the authorities above

cited. Finding no error in the record the judgment is affirmed.

MORRIS, CHADWICK, FULLERTON, and GOSE, JJ., concur.