## H. A. COZZINS v. TOMLINSON CHAIR COMPANY.

(Filed 15 April, 1914.)

**1. Master and Servant—Safe Appliances—Trials—Negligence—Evidence.**

In an action to recover damages for a personal injury inflicted upon an inexperienced employee while engaged under the direction of his superior, at work at a power-driven jointer machine in defendant's chair factory, it was admitted that the use of a guard over the revolving knives of the machine would have prevented the injury, and there was evidence that the machine was constructed for the guard; also, that in some factories guards of this character were used, in some they were not, and that an unused guard was then hanging up in the factory: *Held*, sufficient to be submitted to the jury upon the question of defendant's negligence in not properly equipping the machine with a guard, necessary for the protection of the employee, and as to whether such appliance was approved and in general use.

**2. Same—Notice Implied—Natural Evidence.**

A master is held to the duty of inspecting dangerous power-driven machines at which his employees work in the discharge of their duties; and notice to the master will be implied from natural evidence of a long existing defect in the machine which caused an injury to the employee, such as, in this case, the worn and gapped condition of the knives in a jointer machine, showing that, by proper inspection, the defendant should have been aware of the defect.

APPEAL by defendant from *Shaw, J.,* at November Term, 1913, of GUILFORD.

Civil action tried upon these issues:

1. Was the plaintiff injured by reason of the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to the injury complained of, as alleged in the answer? · Answer: No.

3. What damage, if any, is plaintiff entitled to recover? Answer: $100.

The defendant appealed.

*W. P. Bynum, R. C. Strudwick for plaintiff.*
*F. P. Hobgood, Jr., for defendant.*

Brown, J.  The plaintiff, a carpenter in the employ of the defendant, was injured while operating a jointer in its factory. The evidence shows he had no experience operating such a machine, and was doing it under instructions of the defendant's superintendent.

The specific allegations of negligence are: (1) That the jointer at which he was injured was not equipped with a guard or protector; (2) That the guard or protector described was at that time an appliance approved and in general use; (3) That the jointer was in bad condition in that its knives were dull and gapped; and (4) That by a reasonable inspection by the master, this dangerous condition of the jointer could and would have been discovered.

The first contention of the appellant is that there is not evidence sufficient to be submitted to the jury tending to show that the guard, the absence of which is complained of, was an appliance approved and in general use.

While one witness testifies that he had seen some four hundred machines without guards, and some fifty with guards, the same witness gives instances of a number of mills where guards are used.  But the strongest evidence that guards should be placed over these rapidly revolving knives is that places are provided in the machine for fitting the guard to it.  One was actually provided for the defendant's machine and at the time of the injury was not in use, but was hanging up near-by.  It is admitted that if the guard had been in place, the injury would not have been inflicted.

In *Rogers v. Manufacturing Co.,* 157 N. C., 485, this Court says, in substance, that the evidence that shields were in general use on machines of that kind (in that case a lathe) was competent, and further, that where the plaintiff showed that such guards had been seen in use in nine different mills was sufficient to justify the court in leaving it to the jury to say whether the defendant had been guilty of negligence in not having a protector of this kind.

The defendant fails to show that the use of the guard was impracticable, or to account for its absence from its proper

place.  The appellant assigns error to the refusal of the trial judge to charge the jury that there was no evidence that the knives of the jointer were dull and out of repair at the time the plaintiff was injured.

The plaintiff's evidence is to the effect that the knives had gaps in them about one-sixteenth of an inch in size, and that they were in bad condition when he was hurt.  There is other evidence amply sufficient to be submitted to the jury as to the bad condition of the knives.

The defendant contends that there is no evidence that the defendant had notice of the condition of the knives.

Assuming that there is no evidence of actual verbal notice given the defendant's officers, we think the facts in evidence are sufficient to fix the defendant with constructive notice.

The evidence of Iseley as to the condition of the knives on the day of the injury is such that it is probable that it had continued for some time.  It is a reasonable inference which a jury is at liberty to draw that knives of this character, upon machines of this kind, do not grow dull or have large gaps in them in a day; that this deterioration is a gradual process, and if the defendant had been ordinarily diligent in discharging its duty of inspection of this machine, it would have discovered the faulty and dangerous condition of the knives.  In other words, that there was natural evidence tending to show that the master had or should have had knowledge of the condition of the machine.

Our decisions seem to support the trial judge in leaving this question to the jury to determine.  *Cotton v. R. R.,* 149 N. C., 227; *Chesson v. Lumber Co.,* 118 N. C., 59; *Steeley v. Lumber Co., ante,* 27.

It is to be noted further that while the judge charged the jury that there was no evidence of actual notice, there is evidence by the plaintiff that the superintendent used this machine only a day or two before the injury.  If so, that would seem to be some evidence of actual notice of its condition, and if the judge erred, it would be an error in defendant's favor.

WOOD *v.* LAND CO.

In regard to constructive notice, Labatt says: "If the plaintiff introduces any evidence which fairly tends to show that the master had either actual or constructive knowledge of the abnormal conditions which caused the injury, the case must be submitted to the jury." Labatt on Master and Servant (2 Ed.), vol. 3, sec. 1039.

"How long a defect must have existed before a master can be charged with knowledge of it is primarily a question of fact for the jury, to be determined with reference to the character of the instrumentality, the difficulty of discovering the conditions constituting the defect, and the master's opportunities for observation, due account being taken of the nature and extent of the obligations which the law imposes on him with respect to the regular periodical inspections in case of the particular instrumentality." Labatt on Master and Servant (2 Ed.), sec. 1032, p. 2731.

There is no evidence offered in this case of such inspections. It was the duty of defendant to carefully inspect its machinery at regular intervals, and the law will charge the defendant with knowledge of whatever conditions such inspection, if made, would have disclosed. We find

No error.