EASTON HIGHFILL, By His NEXT FRIEND, W. T. LOVING, v.
WASHINGTON MILLS COMPANY.

(Filed 23 May, 1934.)

**1. Master and Servant C b—Evidence held for jury on question of master's negligent failure to provide a safe place to work.**

Plaintiff's evidence was to the effect that as a "doffer boy" in defendant's mill he was required to push a box on rollers filled with spindles rapidly along an aisle between rows of machines, there being a clearance of about six inches on either side of the box, that it was necessary for him to bend over to push the box and that the box obstructed his vision near the floor, and that while pushing the box he hit a lever of one of the machines which was allowed to protrude into the aisle near the floor for an inch and a half, which resulted in the injury in suit, and that if the lever had been in its proper place it would not have so obstructed the aisle: *Held,* the evidence was properly submitted to the jury on the question of the master's failure to use due diligence to provide a safe place to work, the rule of law being that although the employer is not an insurer of the safety of his employees he is required to exercise due care to provide a safe place to work, which duty includes reasonable inspection, and whether a defect would have been discovered by reasonable inspection is ordinarily a question for the jury.

**2. Master and Servant C g—Question of servant's contributory negligence held for jury under facts of this case.**

The evidence in this case was to the effect that plaintiff employee was required to push a box on rollers rapidly along an aisle between two rows of machines and was injured when the box struck a lever of a machine which protruded into the aisle near the floor for an inch and a half, and that in pushing the box it was necessary for plaintiff to bend over, and the box obstructed his vision near the floor: *Held,* the question of whether plaintiff employee was guilty of contributory negligence in failing to see the obstruction was properly submitted to the jury.

**3. Appeal and Error E b—**

Where the charge of the court is not in the record it will be presumed on appeal that the charge was without error.

APPEAL by defendant from *Sink, J.,* at October Term, 1933, of GUILFORD. Affirmed.

This is an action for actionable negligence brought by plaintiff against defendant, alleging damage. The plaintiff, by his next friend, in his complaint alleges: "That in November, 1928, and some time prior thereto, the plaintiff was employed by the Mayo Mills, owned and operated by the defendant company in Mayodan, North Carolina, as a 'doffer boy'; that his duties as a 'doffer boy' consisted of doffing a side of spindles from the spinning machine, that is to say that when the spindles had been filled up and were ready to be displaced by empty spindles, and after the side or row of spindles had been stopped it

was the duty of the plaintiff to remove the spindles from the spinning machine and put them in a basket of an approximate size of three feet by five feet by fourteen inches and remove said spindles to a place designated by his foreman, Raymond Coleman; that the said spindle or bobbin basket was operated on rollers and after removing the spindles or bobbins, the plaintiff was required to roll the bobbin basket away from the machine down an aisle between two rows of machines at a rapid rate of speed, it being important that the spindles or bobbins be removed and replaced as quickly as possible so that the production of thread might not be slowed up or impeded, and so that the thread might be available for the next process of manufacture as soon as possible; that on ........ November, 1928, the plaintiff was in the performance of his duties as a 'doffer boy' and after having removed the bobbins and filled the bobbin basket with said bobbins was pushing the same away from the machine and down an aisle between a row of machines at a rapid rate of speed, and as he had been instructed to do by his superiors, when the front of the said bobbin basket struck a lever or part of a machine, which had been permitted to project out from a machine and into and partly across the aisle through which the plaintiff had been ordered to push the said bobbin basket at a rapid rate of speed; that at the time the bobbin basket struck the said lever or part of the machine the plaintiff was going at a rapid rate of speed and suddenly striking an obstacle caused the bobbin basket to stop suddenly and overturn, throwing the plaintiff head first over said bobbin basket and into and against one of the spinning machines to the side of the aisle, breaking and crushing the plaintiff's right leg between the ankle and knee."

The defendant denied the allegations of the complaint and pleaded assumption of risk and contributory negligence. The case was tried at the 5 December, 1932, term of the municipal court of the city of High Point, North Carolina, before his Honor, Lewis E. Teague, judge presiding, and a jury, and resulted in a judgment for the plaintiff and against the defendant, in the sum of $1,500 as set out in the record, from which the defendant appealed to the Superior Court of Guilford County, North Carolina. The judgment of the Superior Court of Guilford County, North Carolina, affirmed the judgment of the lower court, and from said judgment of the Superior Court of Guilford County, North Carolina, set out in the record, the defendant excepted and appealed to the Supreme Court of North Carolina.

The issues submitted to the jury in the municipal court and their answers thereto, are as follows:

"1. Was the plaintiff, Easton Highfill, injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, Easton Highfill, by his own negligence contribute to his own injuries as alleged in the answer? Answer: No.

3. What damages, if any, is the plaintiff, Easton Highfill, entitled to recover of the defendant? Answer: $1,500."

The defendant made numerous exceptions and assignments of error. The material ones and necessary facts will be set forth.

*J. C. Sedberry and Thomas Turner, Jr., for plaintiff.*
*R. M. Robinson for defendant.*

CLARKSON, J. The plaintiff was a "doffer boy" about 15 years of age, working for defendant, when the injury for which this action is instituted occurred. He testified, in part, as follows: "A doffer gets bobbins they put on a spindle and when they get full you have to take them off and replace them with empty bobbins and carry the full ones to the winding room so they can be wound. It was my job to take them off as doffer and put them in a box. A wooden box had a place at each end to put the bobbins in, and in the middle you put the empty box to doff in. You slide the box off and put another on and go back and doff again. . . . When the box is filled, it is carried to the winding room. I had to run with it to keep it from running over. The box was on rollers and was moved by pushing it. Pushing it, I took it from the spinning room to the thread room, down an alley with machines on each side of it. There was about six inches clearance on each side of the box, I guess. In taking the box from the spinning frame into the thread room, I was required to go at a fast rate of speed. The boss man, Howard Perguson, and Raymond Coleman, who was section foreman, required this. He said 'Keep a move on you and not let them run over.' Howard Perguson, boss man of the spinning room, said for us to keep on moving and not let them run over. It was necessary for us to run to get it down there and back before one run over, you know, the thread run over top bobbin on another one. We were doffing and we started down the alley with the doff box and having to run, and there was a rocker there, a piece of iron what they call a rocker that carries the travois up and down on the spinning frame so it can wind. The doff box hit that rocker and threw me over in it and fractured my leg. . . . The rocker is supposed to be turned in straight, but this was out of line out in the aisle. When it is turned in straight it is not out of the way. On this occasion, it was projecting out about an inch or an inch and a half. That is what I struck. It threw me in the doff box. . . . I had to run. There were 16 machines and they filled up the spindles so fast that I had to run to get down there and back. . . . You could see it after I hit it. I couldn't see it before, you

couldn't see that and everything else going down the alley. It would be impossible to see it while running because there was so many along there. The bottom was close to the floor. The rocker was sticking out. It was twisted out of line and the bottom of it was close to the floor and the truck hit it. I couldn't see it. You would be going with the box. You must be looking straight in front of you. . . . The basket is a wooden structure. . . . The whole thing is about a foot and a half or two feet high all along the length of it. It is about four feet long. The sides and front are solid plank. I pushed it from behind. You get one hand on the bobbin box and push the other on that way so you can guide it. You have to bend over and run along behind. It has little ordinary wooden wheels. The rocker that I hit was something like 8 inches off the floor. The box slid sideways. If it slides sideways into the frame and the rocker is not out, it will not hurt anything. Where the side is smooth and nothing for it to come in contact with, it doesn't hurt, but the rocker sticking out is what stops you."

The question presented: "Was there sufficient evidence of negligence on the part of the defendant to be submitted to the jury, and if so, did plaintiff's own evidence establish his contributory negligence?" We think there was sufficient evidence to be submitted to the jury on the question of negligence and the question of contributory negligence on the part of plaintiff was properly submitted to the jury. In *Boswell v. Hosiery Mills,* 191 N. C., 549 (555), speaking to the subject: "The master is not an insurer. The duty of the master is set forth in *Riggs v. Mfg. Co.,* 190 N. C., p. 258, as follows: 'That the employer of labor, in the exercise of reasonable care, must provide for his employees a safe place to do their work and supply them with machinery, implements and appliances safe and suitable for the work in which they are engaged, and to keep such implements, etc., in safe condition as far as this can be done by the exercise of proper care and supervision.' The employer failing in this duty renders himself liable to an employee who may sustain injuries as the proximate result of his negligence."

The employer must know of the defect, or be negligent in not discovering it and making the needed repairs. *West v. Tanning Co.,* 154 N. C., 44; *Reid v. Rees,* 155 N. C., 230; *Cozzins v. Chair Co.,* 165 N. C., 364; *Wright v. Thompson,* 171 N. C., 91; *Nixon v. Oil Mill,* 174 N. C., 730.

In 18 R. C. L., "Master and Servant," section 95, pp. 593, 594, 595, is the following: "Although the doctrine has met with some opposition, the courts have generally held that an employer owes to his employees, a duty to make safe the place where they are required to perform their services, failing in which, he renders himself liable to an employee who may sustain injuries as the proximate result of his neglect. In this respect as in others, the employer is not liable as an insurer, but is bound only to the exercise of ordinary or reasonable care, the degree

depending upon the dangers attending the employment, and the standard being the care exercised by prudent employers under similar circumstances. This duty of the employer is affirmative and continuing, and it cannot be delegated to another so as to relieve the employer of liability in case of nonperformance. The dangers to which the employer's duty extends are all such as are latent and concealed, and hence beyond the knowledge of the employee. To discover such dangers, the employer must make proper tests and inspections, and after ascertaining their existence, he must as a rule, give the employee warning thereof. The employee may assume that the employer has discharged this duty, and no obligation rests upon him to make inspections with a view to discovering latent perils. Whether in any particular case, the employer has discharged his duty in this respect is ordinarily a question for the jury's determination."

3 LaBatt's Master and Servant (2d ed.), Employers Liability, part section 1032 (132) : at p. 2731: "How long a defect must have existed before a master can be charged with knowledge of it is primarily a question of fact for the jury, to be determined with reference to the character of the instrumentality, the difficulty of discovering the conditions constituting the defect, and the master's opportunities for observation, due account being taken of the nature and extent of the obligations which the law imposes on him with respect to regular periodical inspections in the case of the particular instrumentality."

In the case of *Hood v. Mitchell,* 204 N. C., 130 (135), this Court said: "It is rarely the case that the court can hold as a matter of law upon the allegations of the complaint, or upon evidence offered by the plaintiff, that plaintiff who has been injured by the negligence of the defendant, cannot recover damages resulting from such injuries, because by his own negligence, he contributed to his injuries."

The evidence succinctly was to the effect that plaintiff "doffer boy" was about 15 years old. He had to take the bobbins that were "full" and put them in a wooden box and carry them to the "winding room." The box was on rollers and was moved by pushing down an alley or aisle, with machines on each side. Plaintiff testified: "In taking the box from the spinning frame into the thread room, I was required to go at a fast rate of speed. The boss man, Howard Perguson, and Raymond Coleman, who was section foreman, required this. He said, 'Keep a move on you and not let them run over.' "

When performing this duty, the doff box struck a rocker projecting in the alley or aisle about an inch or an inch and a half and he was injured. The evidence was to the effect that "there was about 6 inches clearance on each side of the box." We think under the facts and circumstances of this case, the question of negligence and contributory negligence was for the jury to determine. The charge of the judge

in the municipal court is not in the record. The presumption of the law is that he charged fully, the law applicable to the facts on every phase of the case. The attorneys for litigants had able and exhaustive briefs, but we do not think it necessary to go further into detail. For the reasons given, the judgment of the court below is

　Affirmed.