## T. A. LOVE v. LEGRANDE GREGG.

*Trial—Immaterial Evidence—Issues —Instructions—Expression of Opinion by Judge, What is not.*

1. Where, in the trial of an action to recover land, the controversy was as to a certain portion of the tract, and a deed was offered in evidence which did not refer to the land in question, it was proper to exclude it as it was immaterial.
2. Where, in the trial of an action to recover land, the controversy was as to a certain portion only of a tract claimed by plaintiff, it was not error to refuse to submit an issue relating to land other than that in question.
3. Where a single and uncontradicted witness testifies to a fact on a trial, it is not error in a trial Judge to instruct the jury, if they believe the witness, to find according to his testimony.

CIVIL ACTION for the recovery of land, tried before *Timberlake, J.*, at Spring Term, 1895, of MITCHELL Superior Court. The facts appear in the opinion of Chief Justice FAIRCLOTH. There was a verdict for the defendant and plaintiff appealed from the judgment thereon.

*Mr. E. J. Justice*, for defendant (appellant).
No counsel, *contra*.

FAIRCLOTH, C. J.: The plaintiff sues for possession of three tracts of land and the defendant denies his title and wrongful possession in himself. On the trial below and in this Court the parties without objection used a map on which the lands were marked out. One tract was designated as E. F. H. J., with straight and parallel lines, inside of which was a 50-acre tract with straight and parallel "red lines," corners marked 1, 2, 3, and 4. The trial settled down on the title to the land within the "red lines." The plaintiff offered his evidence and rested. The defendants showed a grant from the State and mesne conveyances

for certain lands, and proved open, continuous, notorious and adverse possession of the lands within the "red lines" from 1850 to the present time, which land was within the limits of the grant. It was proved by Noah Webb that Tyre Webb and those claiming under him had been in such possession under color of title since 1850 of the land within the "red lines" and there was no evidence conflicting with Noah Webb's evidence, but some confirming the same. The defendants claim through this chain of title. The parties failing to tender any issues, his Honor after the evidence was closed submitted an issue: Whether the pessession of the defendants in the "red lines" was wrongful, being the only possession shown by the plaintiff. The court then charged the jury that if the plaintiff had located the land as contended by him, he would be entitled to recover unless the defendants and those under whom they claimed had ripened title in themselves by possession, and that if the jury believed Noah Webb, and if Tyre Webb had been in open adverse possession under color of title within the red lines for seven years, then the plaintiff could not recover. There was a verdict and judgment for the defendant.

The plaintiff excepted to the refusal of the court to admit a copy of a deed offered in evidence, which had not been probated. The copy was immaterial, as it did not refer to the land in the red lines, and the exception is overruled.

The second exception, that the court failed to submit a separate issue as to the location of plaintiff's land, is overruled because the controversy was exclusively as to the land within the "red lines."

The third exception was to the charge that, if the jury believed Noah Webb, the plaintiff could not recover. This is also overruled because it is not error to charge the jury that if they believed a single uncontradicted witness the

case is made out, and where there is no conflict of evidence the Judge should direct the verdict to be entered, if the jury believe it. This is no expression of opinion on the evidence. *Hannon* v. *Grizzard,* 89 N. C., 115 ; *Purifoy* v. *Railroad,* 108 N. C., 100 ; *Chemical Co.,* v. *Johnston,* 101 N. C., 223.

Affirmed.