## HALTOM v. SOUTHERN RAILROAD CO.

### (November 27, 1900.)

1. *Negligence—Contributory    Negligence—Questions    for Court—Personal Injuries—Damages—Railroads.*

   Where the evidence is uncontradicted, the questions whether the evidence, if believed, constitutes negligence or contributory negligence, are for the Court.

2. *Evidence—Credibility—Questions for Jury—Railroads.*

   The credibility of evidence is a question for the jury.

3. *Negligence—Master and Servant—Contributory Negligence—Railroads—Personal Injuries.*

   When the injury of itself shows that an act ordered is dangerous. the railroad company is liable, unless the injury was caused by negligence in performance of the act.

4. *Contributory Negligence—Negligence—Burden of Proof —Railroads.*

   The burden of showing contributory negligence is on the party alleging it.

5. *Verdict—Directing Verdict—Negative Verdict—Negligence—Railroads—Instructions.*

   When there is no evidence tending to prove contributory negligence, the Court may instruct the jury to find that there was no such negligence.

CIVIL ACTION by J. R. Haltom against the Southern Railway Company, heard by Judge *E. W. Timberlake* and a jury, at May Term, 1900, of ROWAN Superior Court. From a judgment for plaintiffs, defendant appealed.

*R. Lee Wright,* for plaintiff.
*A. H. Price,* for the defendant.

CLARK, J.   The only witness was the plaintiff, who testi-
fied that he was in the employ of defendant as a yard-coupler
and brakeman, at Spencer, at time of injury, which was
April 13, 1898; that at the time of injury he was in the dis-
charge of his duties, under the orders and' instructions of
George Purkinson, the conductor of the train; that the said
conductor had the power to discharge him if he disobeyed
his orders; that a car had been cut loose and detached from
the train in the night-time, and was just barely moving
along the track, when the said conductor ordered him to get
a rock and scotch it, and that while looking for a rock the
conductor brought him one, and while attempting to scotch
it the wheel ran over three fingers of his left hand and
mashed the ends off; that from the time he was ordered to
scotch the car to the time he was injured not more than two
or three seconds elapsed; that he got his orders and instruc-
tions from said conductor; and that his duty was to obey
him.   The defendant objected to all of the foregoing evi-
dence relating to his getting orders from the conductor, and
his duty to obey him.   Objection overruled, and defendant
excepted.   The plaintiff here rested his case, and the defend-
ant also rested.   The Court said, "proceed with your argu-
ment to the jury," to the defendant's counsel, whereupon he
arose, and insisted that, as the testimony was uncontradicted,
the question of negligence was a naked question of law, and
that the Court ought to direct a verdict on the two first
issues one way or the other, and argued that there was no
negligence, if the testimony should be believed.   At the close
of his argument, the Court said:   "I am with you as to its
being a question of law, but I shall charge the jury, if they
believe the evidence, to answer the two first issues in favor
of plaintiff."   The injury, of itself, shows that the act the
plaintiff was ordered to perform was dangerous, and there-

fore the company was liable, unless the injury was caused by the negligent manner in which plaintiff performed the duty assigned him, and, as just said, there was no evidence tending to show contributory negligence. The Court charged the jury, that if they believed the evidence, to answer the first issue "Yes," and second issue "No," and instructed them fully as to the issue of damages. The defendant asked the Court to instruct the jury (1) that there was no evidence of any negligence, such as was alleged, and that the jury be instructed to find issues in behalf of defendant; (2) that, upon the facts as shown, there being no dispute about the same, they did not constitute negligence. The Court refused to give these instructions, and defendant excepted. The defendant excepted, also, to the charge given on the first and second issues.

We concur with the counsel for defendant and the Court, that, there being no conflict of evidence, whether the evidence, if believed, constituted negligence on the part of defendant, or whether there was contributory negligence, were questions of law for the Court. *Russell v. Railroad Co.,* 118 N. C., 1111; *Chesson v. Lumber Co.,* 118 N. C., 68. And we think that his Honor ruled correctly as to the law. He properly left the credibility of the evidence to the jury on the first issue. *Love v. Gregg,* 117 N. C., 467. To order the plaintiff to get a rock and scotch a rolling car in the night-time was negligence on the part of the defendant, acting through its conductor.

As to the second issue, the uncontradicted evidence is that the plaintiff was in the discharge of his duty, under the orders and instructions of said conductor; that it was plaintiff's duty to obey the conductor, who had power to discharge him if he disobeyed the orders of the conductor. The burden was on defendant to prove the contributory negligence,

and there was none shown. Laws 1887, c. 33; *Jordan v. City of Asheville,* 112 N. C., 743. Indeed, the Court might have directed a negative verdict on this issue. *White v. Railroad Co.,* 121 N. C., 489. A case directly in point is *Shadd v. Railroad Co.,* 116 N. C., 968. The evidence excepted to was pertinent and competent.

No error.