Margaret Duggan *vs.* Bay State Street Railway Company.

Middlesex.     March 26, 1918. — May 25, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Statute,* Construction. *Constitutional Law,* Due process of law. *Negligence,* Contributory negligence. *Evidence,* Opinion: experts, Presumptions and burden of proof. *Practice, Civil,* Ordering verdict, Exceptions.

A statute must be interpreted according to the intent of the makers, to be ascertained from its several parts and all its words, construed by the ordinary and approved usage of the language, unless the words used have acquired a peculiar meaning in the law, considered in connection with the cause of its enactment, the subject matter to which it applies, the pre-existing state of the common and statutory law, the mischief or imperfection to be remedied, and the main object to be accomplished, to the end that it be given an effect in harmony with common sense and sound reason.

The provision of St. 1914, c. 553, § 1, that "In all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care," was intended to change the rule of law previously in force,

requiring, in actions for injury to person or property through negligence, that the plaintiff should prove his due care as an affirmative proposition either by direct evidence or as a fair deduction from facts established by evidence, and, in actions for the negligent causing of death, that the decedent should be shown to have been actively and actually in the exercise of due care for his own safety; and to establish the presumption that, normally, people exercise due care and are not guilty of contributory negligence, and that the plaintiff in a specific action was so acting; but the statute was not intended to deprive the defendant of a full opportunity to prove by a preponderance of evidence that the plaintiff was not acting in accordance with such presumption.

The further provision of the same section of the statute, that contributory negligence on the part of a person, who has been so injured or killed or whose property has been damaged, "shall be an affirmative defence to be set up in the answer of, and proved by the defendant," merely shifts from the plaintiff the burden of alleging and proving by the preponderance of the evidence his due care or the due care of his decedent as part of his affirmative case and requires the defendant, if he would rely on the defence that the plaintiff or decedent was wanting in due care and that such want contributed to cause the injury or death, to allege it as an affirmative defence and to prove it by a preponderance of the evidence.

St. 1914, c. 553, § 1, does not change the substantive law of negligence. ·The tribunal hearing an action of tort for personal injuries or death alleged to have been caused by negligence still must be satisfied on all the evidence that the plaintiff or the decedent was in the exercise of due care and did not by his own acts of omission or commission help to produce his injury or death, and that the defendant was negligent.

The provisions of St. 1914, c. 553, §.1, do not require necessarily that in every action therein described, when tried before a jury, the due care of the person who was injured or damaged or whose death was caused becomes a question of fact which must be submitted to the jury; but, where from facts, which are undisputed or indisputable or are shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that is an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be ordered.

The provision of § 2 of the above statute, repealing all acts and parts of acts inconsistent with § 1, is ancillary to the chief object of the statute and is not in itself in any way unconstitutional.

St. 1914, c. 553, as above construed, does not contravene any provision of the Constitution of the Commonwealth or of the Fourteenth Amendment to the Federal Constitution.

The inference of due care on the part of the plaintiff or decedent in the actions described in the above statute, which by the statute is made a presumption of fact, is not arbitrary nor irrational.

At the trial of an action against a street railway company for personal injuries alleged to have resulted from the plaintiff being thrown from a street car of the defendant by reason of his hold being broken as the car moved rapidly over a poor track, it was error to permit a consulting engineer for electric railway companies, testifying as an expert for the plaintiff, to answer a hypothetical question which contained as hypotheses a statement of all the facts relating to the

accident which the plaintiff contended the evidence showed, and concluded, "What would you say was the cause of the accident?" the determination of such a question being for the jury on the evidence and not requiring the aid of expert testimony.

An exception to the admission of the testimony above described was overruled as not having injuriously affected the substantial rights of the defendant, since it appeared that the testimony was merely cumulative upon other evidence to the effect that the track was uneven and that the car would lurch going over it so as to throw down a person standing between the seats, the defendant's contentions, supported by a considerable body of evidence, being that the plaintiff attempted to get off the car while it was in motion.

TORT for personal injuries alleged to have been received when the plaintiff, a passenger upon an electric street car operated by the defendant, was thrown therefrom by reason of negligence with which the defendant was chargeable. Writ dated September 15, 1916.

In the Superior Court the action was tried before *Keating*, J. The only questions of law raised by the defendant in this court related to the constitutionality of St. 1914, c. 553, and the admission of testimony, described in the opinion, of one Howard C. Forbes, a witness called by the plaintiff and qualified as an expert consulting engineer for electric railway companies. The hypotheses included in the question put to this witness included a statement of the facts relating to the circumstances of the accident to the plaintiff which the plaintiff contended that her evidence established.

At the close of the evidence, the defendant asked for the following rulings:

"3. The provision of St. 1914, c. 553, § 1, that 'in all actions, civil or criminal, to recover damages for injuries to the person or property . . . the person injured . . . shall be presumed to have been in the exercise of due care' is unconstitutional.

"4. If St. 1914, c. 553, was intended by the Legislature to create a presumption of fact, either to supply a total deficiency of evidence on the subject of the plaintiff's due care, or to be weighed with other evidence of the plaintiff's due care, such statute is unconstitutional and void.

"5. St. 1914, c. 553, makes the contributory negligence of the plaintiff an affirmative defence to be proved by the defendant. It creates no presumption of the fact that the plaintiff was in the exercise of due care.

"6. If St. 1914, c. 553, be interpreted as creating a presumption of the fact of the due care of an injured person, then said statute is unconstitutional and void as it is in violation of the Constitution of this Commonwealth.

"7. If St. 1914, c. 553, be interpreted as creating a presumption of the fact of the due care of an injured person, then said statute is unconstitutional and void as it is in violation of the Constitution of the United States."

The judge refused so to rule, and instructed the jury as follows:

"The burden is on the defendant to prove by a fair preponderance of the evidence that the plaintiff was not in the exercise of due care. Under our law as it is today an injured party is presumed to be in the exercise of due care, at the time he sustains the injury, and, if the defendant relies upon the defence that the injured party was not in the exercise of due care that there was negligence on his part that contributed to the injury, it is necessary for the defendant to prove that. So in this case, as the defendant alleges that the plaintiff was not in the exercise of due care and that her failure to use due care contributed to the injury, the burden is on the defendant to prove it by a fair preponderance of the evidence. You have heard the testimony introduced by both parties tending to show what the plaintiff was doing at the moment the accident occurred and just before it occurred, you have the evidence introduced by both parties tending to show how the accident happened, and I have already said to you that, if you find the plaintiff jumped off a moving car and was injured, she cannot recover. If you find that she did not jump off a moving car, and if you find that in what she did she acted as an ordinarily prudent woman would be likely to act under such circumstances, then you will find she used due care. If she used due care and was a passenger and was injured through the negligence of the defendant, then she can recover in this action. If she failed to use due care and her failure contributed to the injury, then she cannot recover. If you find for the plaintiff you will consider what damages she is entitled to receive."

There was a verdict for the plaintiff in the sum of $7,000; and the defendant alleged exceptions.

*E. P. Saltonstall,* (*C. W. Blood* with him,) for the defendant.

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiff.

RUGG, C. J. The chief question presented in this case is whether St. 1914, c. 553, is contrary to the provisions of the Constitution of this Commonwealth or of the Fourteenth Amendment to the Constitution of the United States. That question was raised by requests for instructions which were denied, and by exception to an instruction given by the presiding judge, in these words: "The burden is on the defendant to prove by a fair preponderance of the evidence that the plaintiff was not in the exercise of due care. Under our law as it is to-day an injured party is presumed to be in the exercise of due care, at the time he sustains the injury, and if the defendant relies upon the defense that the injured party was not in the exercise of due care, that there was negligence on his part that contributed to the injury, it is necessary for the defendant to prove that."

The pertinent parts of the statute are as follows: "Section 1. In all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defence to be set up in the answer of, and proved by the defendant. Section 2. All acts and parts of acts inconsistent herewith are hereby repealed."

It is a principle of general scope that a statute must be interpreted according to the intent of the makers, to be ascertained from its several parts and all its words construed by the ordinary and approved usage of the language, unless they have acquired a peculiar meaning in the law, considered in connection with the cause of its enactment, the subject matter to which it applies, the pre-existing state of the common and statutory law, the mischief or imperfection to be remedied, and the main object to be accomplished, to the end that it be given an effect in harmony with common sense and sound reason. *Holbrook* v. *Holbrook*, 1 Pick. 248. *Commonwealth* v. *Loring*, 8 Pick. 370, 373. *Kilby Bank, petitioner*, 23 Pick. 93. *Commonwealth* v. *Kimball*, 24 Pick. 366, 370. *Moore* v. *Stoddard*, 206 Mass. 395, 399. R. L. c. 8, § 4, cl. 3. *Heydon's Case*, 2 Co. Rep. Part III, 7b, 8, 9. *Eastman Photographic Materials Co. Ltd.* v. *Comptroller General*, [1898] A. C. 571, 576. *O'Grady* v. *Wilmot*, [1916] 2 A. C. 231, 259.

There are three dominant branches of the present statute. The

first of these creates the presumption of due care on the part of the person injured or killed in all kinds of actions to recover damages for injury to person or property and for causing the death of a person. This is the plain effect of the words used. The previous state of the law upon that point was that ordinarily in actions for personal injury the plaintiff was bound to prove that he was in the exercise of due care at the time of receiving the injury. That was an affirmative proposition. It must be proved either by direct evidence or as a fair deduction from established facts. The burden of proof on that point rested upon the plaintiff. While, if the circumstances under which the injury was received were shown and the evidence excluded fault on the part of the person injured, and there was nothing in his conduct to which his injury might be attributed, due care might be inferred from the absence of all appearance of fault, nevertheless it was an issue which the plaintiff must establish by some kind of evidence. There was no presumption about it one way or the other. If there was a failure of evidence, the plaintiff could not get on. The cases to this effect are very numerous. See, for example, *Hilton v. Boston,* 171 Mass. 478; *Maguire v. Fitchburg Railroad,* 146 Mass. 379, 382; and *Lizotte v. New York Central & Hudson River Railroad,* 196 Mass. 519, 523. This is the law in several other States. *Whalen v. Citizens' Gas Light Co.* 151 N. Y. 70, 73. *West Chicago Street Railroad v. Liderman,* 187 Ill. 463, 469. *Shadduck v. Grand Rapids & Indiana Railway,* 179 Mich. 433, 440. *Ward v. Maine Central Railroad,* 96 Me. 136. *Greenwood v. Boston & Maine Railroad,* 77 N. H. 101. *Wright v. Boston & Maine Railroad,* 74 N. H. 128, 134. *Bovee v. Danville,* 53 Vt. 183, 190. *Dreier v. McDermott,* 157 Iowa, 726, 729. But it does not prevail universally. In the larger number of States, in England and in the Federal courts, a presumption in favor of the exercise of due care is and has been held to exist in the absence of any evidence having a tendency to show negligence. *Texas & Pacific Railway v. Gentry,* 163 U. S. 353, 366. *Baltimore & Potomac Railroad v. Landrigan,* 191 U. S. 461, 473. *Wakelin v. London & South Western Railway,* 12 App. Cas. 41, 47. *Hanna v. Philadelphia & Reading Railway,* 213 Penn. St. 157, 160. *New Jersey Express Co. v. Nichols,* 4 Vroom, 434, 438, 439. See cases collected in 29 Cyc. 601, 602.

All actions to recover damages for negligently causing the death

of a human being are statutory in their origin. There could be no recovery at common law for such an act. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. *Admiralty Commissioners* v. *Amerika Steamship,* [1917] A. C. 38. All of our statutes upon that subject are penal in their nature, differing in this regard from those prevailing in most other jurisdictions. Under some of our statutes recovery also may be had by indictment. Damages are assessed, not according to the injury done but with reference to the degree of culpability of those negligently causing the death of another. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582. Under most of these statutes, it was necessary for the plaintiff to prove that the deceased was " actively and actually " in the exercise of due care or due diligence. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, 521. *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 470. In this class of cases also, except in instances presently to be noted, the plaintiff was not aided by any presumptions in favor of the deceased. He was obliged to make out his case by evidence, or he failed. *Dacey* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 479, 481. *Moynihan* v. *Boston & Maine Railroad,* 227 Mass. 180, 182.

The inference is almost irresistible that this first branch of the statute was enacted in order to change what had been the common law, and to adopt in place of it the more widely prevailing rule. Its further effect is to put actions for personal injuries and for causing death in the usual case upon the same footing in respect of the presumption as to due care. The kind of due care which the plaintiff commonly was bound to prove was conduct which was free from any legally reprehensible element proximately causative of his injury. That kind of conduct must still be found or there can be no recovery even with aid of the statute. The statute relieves the plaintiff of some difficulties which formerly often barred his way to recovery when for any reason all the facts bearing upon that point were not in evidence. It establishes as the rule for the trial of such cases in the courts the presumption that normally people exercise due care and are not guilty of contributory negligence. The defendant is not deprived of a full opportunity to submit all the facts bearing on that issue.

The second branch of the statute is the correlative of the first.

It makes the contributory negligence of the person injured a matter of affirmative defence to be pleaded as such, and the burden of proving it falls upon the defendant as the party obliged to plead it. Contributory negligence on the part of a person injured through the negligence of another is want of due care in respect to the event causing the injury, and is in itself conduct having a share in bringing on the harm. Failure to exercise due care respecting the cause of his injury resulting from the negligence of another by the person injured is contributory negligence. *Gaffney* v. *Bay State Street Railway*, 221 Mass. 457, 460. The statute makes no change in the law in that respect. When on all the evidence it appears that the person injured has by his own want of ordinary prudence contributed to the injury, he cannot recover. It shifts the burden of proof from the plaintiff, who formerly was obliged to establish by the greater amount of credible evidence that he was free from contributory negligence, to the defendant, who now must fasten contributory negligence upon the plaintiff by the greater amount of credible evidence or he fails upon this aspect of his case. This branch of the statute also puts the law of this Commonwealth in this particular in harmony with that administered in the Federal and numerous other courts. As was said in *Railroad Co.* v. *Gladman*, 15 Wall. 401, at page 406, "While it is true that the absence of reasonable care and caution, on the part of one seeking to recover for an injury . . . will prevent a recovery, it is not correct to say that it is incumbent upon him to prove such care and caution. The want of such care or contributory negligence, as it is termed, is a defence to be proved by the other side." It was stated in *Central Vermont Railway* v. *White*, 238 U. S. 507, 512: "The United States courts have uniformly held that as a matter of general law the burden of proving contributory negligence is on the defendant." To the same effect among many other decisions, see *St. Louis & San Francisco Railway* v. *Weaver*, 35 Kans. 412, 423; *Haltom* v. *Southern Railroad*, 127 N. C. 255, 257; *Winchester* v. *Carroll*, 99 Va. 727, 738; *Dubiver* v. *City Railway*, 44 Ore. 227, 242; *Schweinfurth* v. *Cleveland, Cincinnati, Chicago & St. Louis Railway*, 60 Ohio St. 215, 223.

These two parts of the statute do not undertake to change the substantive law of negligence in any respect. The tribunal hearing the case must still be satisfied on all the evidence

that the plaintiff was in the exercise of due care and did not by his own acts of omission or commission help to produce his injury, and that the defendant was negligent. All these elements must appear by the greater amount of credible evidence. Inferences in favor of conduct free from blame are now permitted, which were not possible before. But the plaintiff is not allowed to recover for injuries caused in whole or in part by his own negligent conduct. The effect of the rule prescribed by these two branches of the statute is that an injury caused proximately by the negligence of another shall create an inference of due care on the part of the person so injured. As was said in *Mobile, Jackson & Kansas City Railroad* v. *Turnipseed*, 219 U. S. 35, at page 43, "The only legal effect of this inference is to cast upon" the person thus causing an injury "the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury upon all of the evidence. In default of such evidence, the defendant, in a civil case, must lose, for the *prima facie* case is enough as a matter of law." That statement was made in interpreting the effect of a statute creating *prima facie* evidence of negligence on the part of the defendant in certain kinds of cases. It is equally applicable to the statute here under consideration. This statute does not create any new evidence or give any different effect to that which was before competent evidence.

The presumption of due care created by the statute is not itself evidence. It is a simple rule to which resort is had when there is a failure of evidence. A presumption ordinarily is not evidence, but is a rule about evidence. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 110. *Holt* v. *United States*, 218 U. S. 245, 253. *Vincent* v. *Mutual Reserve Fund Life Association*, 77 Conn. 281, 288. *Wabash Railroad* v. *DeTar*, 73 C. C. A. 166; 141 Fed. Rep. 932. Wigmore on Ev. § 2511. See *Clifford* v. *Taylor*, 204 Mass. 358. "Presumptions are not indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear." *Lincoln* v. *French*, 105 U. S. 614, 617. The presumption of the present statute is merely like numerous other presumptions. It stands only until the facts are shown. But it works an important change in our law. See, in this connection, *Chandler* v. *Prince*, 217 Mass. 451, 454, and

*Turner* v. *Williams,* 202 Mass. 500, 505, for illustrations of conflicting presumptions.

The rule placing the burden of proof upon the defendant also is a significant modification of this branch of the law. It is only in comparatively rare instances that it can be ruled as matter of law that a burden of proof depending upon oral testimony has been sustained. *Kelsall* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 554, 556. *LaFond* v. *Boston & Maine Railroad,* 208 Mass. 451, 456. But instances have arisen in this Commonwealth where only a question of law was presented, and it became necessary to make the ruling that the burden had been sustained. *Debbins* v. *Old Colony Railroad,* 154 Mass. 402. See *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, 453, where cases are collected showing both aspects of the rule. Such cases may arise under the present statute. It does not require necessarily that now in every case the due care of the person injured becomes a question of fact. Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed. This has been held often in those jurisdictions where the common law rule is in accordance with that now established by the present statute. *Schofield* v. *Chicago, Milwaukee & St. Paul Railway,* 114 U. S. 615. *Northern Pacific Railroad* v. *Freeman,* 174 U. S. 379. *Cassidy* v. *Angell,* 12 R. I. 447, 448. *Denver City Tramway Co.* v. *Cobb,* 90 C. C. A. 459, 461; *S. C.* 164 Fed. Rep. 41. *Baltimore & Ohio Railroad* v. *Whitacre,* 35 Ohio St. 627, 630. *Bonnell* v. *Delaware, Lackawanna & Western Railroad,* 10 Vroom, 189, 192.

The third branch of the statute is found in § 2. Its effect is to repeal other provisions of law inconsistent with the terms of this act. This is a provision not uncommon in statutes, is ancillary to their chief objects, and of itself cannot be thought to be in any respect unconstitutional. Its nature on that point depends upon the main terms of the act. If it be assumed that one result of this section is to do away with the terms of those death statutes which have heretofore required proof of actual and active exercise of due

care on the part of the deceased as a prerequisite to recovery, as pointed out in *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, its validity still depends upon the first section of the act.

The statute as thus construed does not contravene any provision of our constitution. It comes within the principle expounded in *Commonwealth* v. *Williams*, 6 Gray, 1, at pages 5 and 6, in these words: "It is no new thing in the history or administration of the law, that peculiar and artificial force is given or attributed to particular facts, or series of facts, as means and instruments of legal proof. This may be seen in many of the rules of evidence which prevail by the common law, and in others which derive their force from legislative acts. These then are conclusive presumptions, which, from motives of public policy, or for the sake of greater certainty, or for the promotion of the peace and quiet of the community, have been adopted by common consent. Sometimes the common consent, by which this class of presumptions is established, is declared through the medium of the judicial tribunals, and thus becomes a part of the common law of the land. And sometimes it is expressly declared by the direct authority of the Legislature in statutes duly enacted." The present statute simply affects procedure and the burden of proof. It does not work any modification of fundamental rights. The law of negligence in all its essentials remains as before. It was said in *Holmes* v. *Hunt*, 122 Mass. 505, at page 516, "The constitutional power of the Legislature to prescribe rules of evidence is well settled. . . . This power has been often exercised by the Legislature, with the sanction of the courts, so as to change the burden of proof, or to affect the question what shall be deemed *prima facie* evidence at the trial before the jury." Many illustrations there are collected. See, also in this same connection, *Commonwealth* v. *Anselvich*, 186 Mass. 376; *Crandell* v. *White*, 164 Mass. 54; *Opinion of the Justices*, 208 Mass. 619, 624; *Conners* v. *Lowell*, 209 Mass. 111, 116. As was said by Mr. Justice Holmes, in *McFarland* v. *American Sugar Refining Co.* 241 U. S. 79, 86, "As to the presumptions, of course the Legislature may go a good way in raising one or in changing the burden of proof, but there are limits. It is 'essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be

a purely arbitrary mandate.'" But it cannot be said that the inference of due care under the circumstances posited in the statute is so unreasonable as to be purely arbitrary in the face of the adoption of that rule by so many courts as matter of common practice. The ground for reaching that conclusion, stated in *Baltimore &amp; Potomac Railroad* v. *Landrigan,* 191 U. S. 461, 474, may be taken as illustrative of the views of those courts. "The presumption [of due care on the part of the person injured] is founded on a law of nature. We know of no more universal instinct than that of self preservation — none that so insistently urges to care against injury. It has its motives to exercise in the fear of pain, maiming and death. There are few presumptions, based on human feelings or experience, that have surer foundation than that expressed in the instruction objected to. But notwithstanding the incentives to the contrary, men are sometimes inattentive, careless or reckless of danger. These the law does not excuse nor does it distinguish between the degrees of negligence."

It is provided by St. 1906, c. 463, Part II, § 245, that a person injured in his person or property, or the executor or administrator of a person killed, by collision at a highway grade crossing with an engine or cars of a railroad corporation, by reason of its neglect to give the statute signals, shall recover, unless it is shown that, in addition to mere want of ordinary care, the person injured or killed, or the person who had charge of his person or property, contributed to the injury by gross or wilful negligence or by acting in violation of law. This statute has been in force in some form since St. 1871, c. 352. It has been construed as relieving the plaintiff from the burden of proof in respect of due care and as imposing a heavy burden of proof upon the defendant as an affirmative defence. Although many cases have arisen under that statute, its constitutionality has never been assailed or doubted. *Manley* v. *Boston &amp; Maine Railroad,* 159 Mass. 493. *McDonald* v. *New York Central &amp; Hudson River Railroad,* 186 Mass. 474, 476. *Kelsall* v. *New York, New Haven, &amp; Hartford Railroad,* 196 Mass. 554. *Brooks* v. *Fitchburg &amp; Leominster Street Railway,* 200 Mass. 8, 14. Yet that statute goes further than the one now attacked. It establishes liability quite apart from negligence, as well as imposes a heavy burden of proof on the defendant. And it relates to injuries to person and property for which actions lay at common law

as well as to damages for death proceedings for which are wholly the creature of statute.

Of the same general character in this aspect is the statute making railroad companies liable for damages resulting from fire communicated by its locomotive engines. St. 1906, c. 463, Part II, § 247. See, in this connection, *New England Box Co.* v. *New York Central & Hudson River Railroad,* 210 Mass. 465, where the evolution of that branch of statutory liability from the original principles of negligence to the present is traced. The constitutionality of that act is established in this Commonwealth, *Ingersoll* v. *Stockbridge & Pittsfield Railroad,* 8 Allen, 438, and that of a similar nature has been upheld as not in contravention of the Fourteenth Amendment. *St. Louis & San Francisco Railway* v. *Mathews,* 165 U. S. 1. See, also, *Cincinnati, N. O. & T. P. Railway* v. *South Fork Coal Co.* 71 C. C. A. 316; *S. C.* 139 Fed. Rep. 528.

There are several instances where a plaintiff under the death statutes could recover without proving that the person injured was in the exercise of due care. See R. L. c. 51, § 17; c. 70, § 6; St. 1907, c. 392; *Jones* v. *Boston & Northern Street Railway,* 205 Mass. 108; *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, 12, 13. See also *Hanley* v. *Eastern Steamship Corp.* 221 Mass. 125, 133. Although the validity of these statutes might be sustained on other grounds, they show that the conception of omitting the requirement of proof of due care as a burden resting upon the plaintiff is not unfamiliar in our practice.

Statutes of import similar to the one here assailed have been upheld in other states. *Sackheim* v. *Pigueron,* 215 N. Y. 62. *Wallace* v. *Western North Carolina Railroad,* 104 N. C. 442. *Morris* v. *Florida Central & Peninsular Railroad,* 43 Fla. 10. *Diamond Block Coal Co.* v. *Cuthbertson,* 166 Ind. 290, 306. See *Murphy* v. *Boston & Maine Railroad,* 77 N. H. 573, 574.

In view of all these considerations, it hardly can be said that the inference of due care on the part of a person injured, as provided by the statute, is purely arbitrary or irrational.

The question, whether the statute contravenes any provision of the Fourteenth Amendment to the Federal Constitution, appears to us to be settled in favor of its validity by numerous adjudications of the United States Supreme Court. In *Mobile, Jackson & Kansas City Railroad* v. *Turnipseed,* 219 U. S. 35, a statute

of Mississippi, to the effect that certain kinds of injuries on railroads should be presumed to be caused by the negligence of the defendant, was sustained. In principle that decision goes further than is required to uphold the statute here attacked. Moreover, the statute simply establishes a rule of evidence and burden of proof followed by the Federal courts as matter of judicial practice. The same principle is illustrated by *Bailey* v. *Alabama*, 219 U. S. 219, 238, *Reitler* v. *Harris*, 223 U. S. 437, 441, 442, *Luria* v. *United States*, 231 U. S. 9, 24, 25, *Easterling Lumber Co.* v. *Pierce*, 235 U. S. 380, *Bowersock* v. *Smith*, 243 U. S. 29, 34, *Minneapolis & St. Louis Railway* v. *Beckwith*, 129 U. S. 26, *Bunting* v. *Oregon*, 243 U. S. 426, *Mountain Timber Co.* v. *Washington*, 243 U. S. 219, *Hawkins* v. *Bleakly*, 243 U. S. 210, 214. In view of these and other recent decisions by the United States Supreme Court, further discussion on this point seems superfluous.

The question to the expert upon a series of hypotheses concluding with the inquiry, "What would you say was the cause of the accident?" ought not to have been put. *Twomey* v. *Swift*, 163 Mass. 273, 275. That was the issue to be settled by the jury on the facts proved, and did not require the aid of expert testimony as to what might cause a person to lose his hold on a car moving rapidly over a poor track. *Whalen* v. *Rosnosky*, 195 Mass. 545, 547. But the answer was merely cumulative of other evidence, to the effect that the track was uneven and a car would lurch going over it so as to throw a person standing between the seats. The theory of the defence, supported by a considerable body of evidence, was that the plaintiff attempted to get off a moving car. The question and answer did not directly bear on the main controversy at the trial. On the whole it appears that, although the evidence was not strictly within the discretion of the trial judge, its admission has not injuriously affected the substantial rights of the defendant. St. 1913, c. 716, § 1. See *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235.

*Exceptions overruled.*