NAPOLEON J. GAGNON *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.  September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Street railway, Motor vehicle.  *Motor Vehicle.*

In an action against a street railway corporation for personal injuries caused by a collision between an electric street railway car of the defendant and a motor car driven by the plaintiff, there was evidence that the plaintiff had backed his car from a garage on a city street across the sidewalk and into the street and was in the act of turning his car to go forward on the street when it was struck by the street railway car of the defendant, going in the same direction in which the plaintiff was about to go, and was forced diagonally across the sidewalk, that the plaintiff was obliged to back out of the garage and to go as far as the defendant's track before turning, that the accident happened at a "rush hour" when street railway cars were passing or approaching the garage [in "almost a continuous chain," that the nearest rail of the defendant's tracks was only twelve feet away from the curb line of the sidewalk, that when the plaintiff was on the sidewalk he looked and saw the defendant's car more than four hundred and forty feet away, that when he reached the gutter he looked again and saw the defendant's car about four hundred feet distant and knew that

he "had plenty of time," but that, when he had stopped looking and was about to go forward, the defendant's car came upon him at great and unusual speed and without warning. There was ample evidence of the negligence of the defendant's motorman. *Held*, that under St. 1914, c. 553, it could not be ruled as matter of law that the defendant had proved that the plaintiff was negligent. In the same case it was *said* that, although it was the plaintiff's duty to exercise reasonable care for his own safety at this dangerous place, yet he well might rely to some extent on the expectation that the motorman would act with due regard to the safety of others lawfully using the street.

Tort for personal injuries sustained by the plaintiff on November 28, 1916, on Main Street in Worcester by reason of a collision between an electric street railway car of the defendant and a motor car which the plaintiff was driving as a licensed chauffeur. Writ dated April 25, 1917.

In the Superior Court the case was tried before *Sisk*, J. The evidence is described in the opinion. At the close of the evidence the defendant made a motion that the judge should order a verdict for it. The judge denied the motion and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $750. The defendant alleged exceptions.

*C. C. Milton*, for the defendant.

*J. Clark, Jr.*, for the plaintiff.

De Courcy, J. The plaintiff was injured in a collision between an automobile which he was driving and an electric car of the defendant; and a verdict has been rendered in his favor. The only exception taken at the trial is one to the refusal of the presiding judge to direct a verdict for the defendant.

The accident happened on Main Street in Worcester, where there were double street railway tracks. The plaintiff had backed his automobile from a garage on the easterly line of Main Street across the sidewalk and into the street, and was in the act of turning the machine to go forward in a northerly direction when a north bound car of the defendant struck the automobile and drove it diagonally across the sidewalk.

There was ample evidence of the motorman's negligence, — and we do not understand that the defendant argues to the contrary. The jury could find that the motorman should have seen the sign warning him to "go slow — 4 miles an hour," yet he ran his car down grade at a speed of twenty or twenty-five miles an hour until just before the collision; and that, although the plaintiff

was within view continuously after the car reached Jackson Street, four hundred feet from the place of the accident, the motorman was talking with others, and did not observe the automobile until it was too late to prevent a collision. *Sughrue* v. *Bay State Street Railway*, 230 Mass. 363.

The issue of the plaintiff's due care was rightly submitted to the jury. In the first place, the St. 1914, c. 553, made contributory negligence on the part of the plaintiff "an affirmative defence to be set up in the answer of, and proved by the defendant." It could not be ruled as matter of law that the defendant had sustained that burden on the oral and conflicting testimony. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. Further, the jury could find these facts: the plaintiff was obliged to back out of the garage, and to go as far as the north bound track before turning; at this "rush hour" electric cars were passing or approaching the garage in "almost a continuous chain," and the nearest rail was only twelve feet from the curb line; when the plaintiff was on the sidewalk he looked and saw this car beyond Jackson Street, or more than four hundred and forty feet away; he looked again when he reached the gutter and saw the car near Jackson Street, or about four hundred feet distant; he knew that he "had plenty of time," but when he had come to a stop and was about to go forward, the car came upon him at an unusual and rapid speed, and without warning. While it was the plaintiff's duty to exercise reasonable care for his own safety at this dangerous place, he well might trust something to the expectation that the motorman also would act with due regard for the safety of others lawfully using the street.

*Exceptions overruled.*