BIAGE PINGETON vs. WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

Worcester.    October 10, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory, Motor vehicle, Street railway, In use of highway.

At the trial of an action of tort against a street railway company for personal
injuries received when a motor car with a closed box top, driven by the plain-
tiff, was run into by an electric street railway car of the defendant, there was
evidence tending to show that the plaintiff left the motor car standing in front
of his home while he was at dinner; that in the opposite direction from that in
which it faced, which was the direction from which the street car afterwards came,
there was a clear view along the street car tracks for about three hundred and
fifty feet to the end of the street, where the tracks turned off; that the street
was level and straight; that, when he returned to the motor car, the plain-
tiff, intending to turn it around and go in the opposite direction, looked up
the street in the direction from which the street car came and saw no street
car; that he then went to the front of the motor car and cranked it, got into
the driver's seat, looked at the top sheet of an order book, replaced the
book on the seat beside him, and then, without again looking up the street,
put out his hand, started the car forward about fifteen feet and turned to
cross the street in turning around; that, when the front end of the motor car
was upon the farther rail of the street railway track and the rear end was
upon the nearer rail, it was run into by the defendant's street car, which had
approached at a rate of speed of from twenty-five to thirty miles an hour
without any warning signal, and the motor car was pushed twenty-five feet;
that, when the plaintiff had turned the motor car toward the street rail-
way track, the street car was at least one hundred and fifty feet distant, and
that it could have been stopped within the car's length.    *Held,* that

(1) It could not be ruled as a matter of law that the plaintiff's conduct was
such that only one rational inference could be drawn and that an inference of
contributory negligence or want of due care;

(2) The issue of the defendant's negligence was for the jury.

TORT for personal injuries alleged to have been received on
July 20, 1918, when a motor vehicle which the plaintiff was driv-
ing was run into by an electric street railway car of the defendant.
Writ dated August 12, 1919.

In the Superior Court the action was tried before *O'Connell, J.*
Material evidence is described in the opinion. At the close of the
evidence the defendant moved that a verdict be ordered in its

favor. The motion was denied. The jury found for the plaintiff in the sum of $215; and the defendant alleged exceptions.

The case was submitted on briefs.

C. C. *Milton,* J. M. *Thayer & F. H. Dewey,* for the defendant.

C. F. *Campbell & J. C. Donnelly,* for the plaintiff.

PIERCE, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries, sustained while riding in a covered automobile, which injuries it is alleged resulted from a collision with a street car of the defendant company. At the close of the evidence the defendant moved in writing that the court order the jury to return a verdict for the defendant. The court denied the defendant's motion, and the defendant duly excepted. The case was submitted to the jury and a verdict was found for the plaintiff.

The bill of exceptions contains all the evidence material to the issue raised by the defendant's motion. The jury therefrom warrantably could find the facts most favorable to the plaintiff's case in substance to be as follows: The plaintiff in the prosecution of his work as a canvasser and solicitor of orders for a wholesale confectioners' firm in Worcester used a Ford automobile truck with a box top, such as is seen on a baker's wagon. The plaintiff lived at No. 414 Franklin Street, a level, straight street between Suffolk Square and Plantation Street, about three hundred and fifty feet from Suffolk Square. Franklin Street between Suffolk Square and Plantation Street runs nearly east and west. At Suffolk Square it makes a turn at a right angle and Suffolk Square is the farthest point to which the eye can see in that direction from No. 414 Franklin Street. A single trolley track of the defendant was laid in the middle of the street. While at dinner, at noon, just previous to the accident, the plaintiff left his car standing in front of his home on the south side of the street facing Plantation Street, parallel with the trolley tracks, with the side of his car distant three or four feet from the southerly rail. At this point the roadway between the southerly rail and sidewalk was seven or eight feet wide. Having in mind to go back to Suffolk Square, the plaintiff on coming out from his house went to the front of his automobile to crank it. As soon as the engine started, just as he was about to get into his car, he looked down the street toward Suffolk Square and did not see any electric car

and after that did not see any car nor hear any car until the trolley car came in contact with the automobile. After getting into his car he glanced over the top sheet of an order book, held in place by a rubber band, which was lying on the seat, and then put the book back beside him on the seat. He then put his hand out and pulled his car around to the left without again looking toward Suffolk Square. In making this turn he had to go forward a little way, perhaps fifteen feet, and then pull around. When the front wheels and radiator of the automobile had passed over the northerly rail and when the rear wheels were upon the southerly rail, the automobile was struck by an electric car of the defendant coming at the rate of twenty-five or thirty miles an hour, and pushed for a space of twenty-five feet, causing the injuries of which the plaintiff complains.

As regards the movement of the electric car, the jury warrantably could find that when the automobile turned toward the track the electric car was at least one hundred and fifty feet distant from the point of collision, proceeding at the rate of twenty-five to thirty miles an hour, without the ringing of a gong or the giving of any other warning signal. On the testimony of the motorman it could have been found that the car was twenty-five to thirty feet long, "was coming up the street at a pretty fair clip from ten to fifteen miles an hour," and under the then conditions could have been stopped within the car's length.

Upon the above facts it could not be ruled as matter of law that the plaintiff's conduct was such that "only one rational inference can be drawn and that an inference of contributory negligence or want of due care." *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 379. It follows that the issue of the plaintiff's due care was rightly submitted to the jury under St. 1914, c. 553. *Gagnon* v. *Worcester Consolidated Street Railway,* 231 Mass. 160.

The issue of the defendant's negligence was also rightly submitted to the jury. The evidence warranted a finding that the plaintiff was in the view of the motorman for three hundred and fifty feet; that he was seen or could have been seen to be turning his car upon the track when the electric car was distant one hundred or more feet away; that no bell was rung or other signal given and that the car could have been stopped within its own

length in season to have avoided the collision. *Gagnon* v. *Worcester Consolidated Street Railway, supra. Wright* v. *Concord, Maynard & Hudson Street Railway*, 235 Mass. 456.

*Exceptions overruled.*