BRUCE CHAPMAN *vs.* JOHN S. BURNETT.

Essex.    March 27, 1922. — May 18, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Practice, Civil*, Judge's charge, Exceptions. *Negligence*, Contributory.

At the trial of an action of tort for personal injuries alleged to have been received by one riding on a motorcycle when it came into collision with a motor car, the judge charged the jury as follows: "The first proposition in this case is: Has the plaintiff satisfied you by a fair preponderance of the evidence — that term which means the greater weight of the evidence — that his injuries are the result solely of the defendant's negligence committed then and there at the time of the collision by his acts just before and at the time of the collision? . . . The first proposition for you to decide is, was [the defendant] . . . negligent, and if so, of what does the negligence consist? What did he do he ought not to do? What did he leave undone he ought to have done? Assuming that you find that point in favor of the plaintiff, that [the defendant] . . . was negligent, and that negligence was the sole cause of the injuries, that is not enough to entitle the plaintiff to a verdict. Now, then, by his answer the defendant asserts that the plaintiff himself was negligent, that is, that the careless conduct of the plaintiff himself was the cause of and contributed to the injuries that he suffered. Now, if that is true the verdict should be for the defendant." A bill of exceptions filed by the plaintiff in this court stated, "At the conclusion of the

charge the plaintiff objected and excepted to those parts of the charge as set forth above in which the court said the plaintiff must show that the defendant's negligence was the sole cause of his injuries. The charge was full, correct and sufficient in all other respects." *Held*, that

(1) The quoted portion of the charge did not relate to the burden of proof, and, if it did, the plaintiff saved no exception on that point;

(2) No error was disclosed on the record.

The substantive law of negligence was not changed by St. 1914, c. 553 (see now G. L. c. 231. § 85).

TORT for personal injuries received by the plaintiff, who, when riding a motorcycle on Haskell Street in Gloucester, came into collision with a motor car alleged to have been operated negligently by the defendant. Writ dated August 17, 1921.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence and exceptions saved by the plaintiff are described in the opinion. There was a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Pew,* for the plaintiff.

*J. J. Ronan,* for the defendant.

BY THE COURT. This is an action of tort to recover compensation for personal injuries received by the plaintiff by reason of a collision on a public way, between a motorcycle ridden by him and an automobile driven by the defendant. The bill of exceptions states: "In charging the jury the court said, among other things, as follows: 'The first proposition in this case is, has the plaintiff satisfied you by a fair preponderance of the evidence, that term, which means the greater weight of the evidence, that his injuries are the result solely of the defendant's negligence committed then and there at the time of the collision by his acts just before and at the time of the collision?' The court in another place said: 'The first proposition for you to decide is, was Mr. Burnett negligent, and if so, of what does the negligence consist? What did he do he ought not to do? What did he leave undone he ought to have done? Assuming that you find that point in favor of the plaintiff, that Burnett was negligent, and that negligence was the sole cause of the injuries, that is not enough to entitle the plaintiff to a verdict. Now, then, by his answer the defendant asserts that the plaintiff himself was negligent, that is, that the careless conduct of the plaintiff himself was the cause of and contributed to the injuries that

he suffered. Now, if that is true the verdict should be for the defendant.' At the conclusion of the charge the plaintiff objected and excepted to those parts of the charge as set forth above in which the court said the plaintiff must show that the defendant's negligence was the sole cause of his injuries. The charge was full, correct and sufficient in all other respects."

This portion of the charge does not appear to relate to the burden of proof. But even if it be assumed that it did, the plaintiff saved no exception on that point.

No error of law is disclosed on this record. The charge as applied to the facts was in accord with the principles declared in *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 539. The substantive law of negligence has not been changed by St. 1914, c. 553 (see now G. L. c. 231, § 85). *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 377, 378.

*Exceptions overruled.*