JOHN J. HANLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

MARGARET HANLEY, administratrix, *vs.* SAME.

MARGARET HANLEY *vs.* SAME.

Middlesex.    March 17, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory. *Evidence*, Competency. *Practice, Civil*, Exceptions: whether error was harmful; charge to jury.

Upon exceptions saved by the defendant at the trial of an action against a street railway company for causing the death of an employee who, while not on duty, as he was walking to church on a public sidewalk in front of a storage car barn of the defendant and was passing behind a car standing on a track running into the barn with its rear extending into "what was supposed to be the sidewalk," was struck by another car which, running on the street at the rate of ten miles per hour and intended to pass by the barn, without warning and negligently ran into an open switch and turned from the street to the sidewalk, it was *held* that a finding that the employee was in the exercise of due care was warranted.

With the employee above described was his son, thirteen years of age, who also was injured and who brought an action of tort against the street railway company for personal injuries which was tried with the action above described.    Negligence of the defendant was not disputed.    At the time of the trial, the plaintiff was fifteen years of age.    Subject to exception by the defendant, he was asked whether he ever had seen a car, bearing a sign indicating its destination to be a point beyond the barn whither the car that ran into the open switch was bound, and with passengers in it, "going into the barn," and replied in the negative. Although it appeared that the plaintiff had lived in the neighborhood of the car barn and had visited it, he was not shown to have knowledge of or to be sufficiently familiar with conditions to give evidence on this point. *Held*, that, although the evidence should not have been admitted, in the circumstances this slight error was in no way harmful to the defendant.

An instruction by the judge, subject to exception by the defendant in the action by the boy above described, to the effect that in walking with his father he might to some extent rely upon his father's protection, was *held* not to have harmed the defendant even though the evidence did not support the instruction.

THREE ACTIONS OF TORT, the first for personal injuries, the second by the administratrix of the estate of Patrick

Hanley for causing his death, and the third by the mother of the plaintiff in the first action, a minor, for loss of his services. Writs in the first and second actions dated December 31, 1924, and in the third action dated February 3, 1925.

The actions were tried together in the Superior Court before *McLaughlin,* J. Material evidence and exceptions by the defendant are stated in the opinion. There were verdicts for the plaintiffs in the sums of $27,500, $7,500 and $3,100, respectively. The defendant alleged exceptions.

*C. S. Walkup, Jr.,* for the defendant.

*J. H. Vahey,* (*P. Mansfield & J. H. Vahey, Jr.,* with him,) for the plaintiffs.

CARROLL, J. These are three actions of tort to recover damages for personal injuries, death, and loss of services, by reason of an accident caused by the alleged negligence of the defendant's servants. It was admitted that the place where the accident occurred was within the limits of the public highway. There was a verdict for the plaintiff in each case.

According to the testimony of John J. Hanley, the plaintiff in the first case, who was fifteen years of age at the time of the trial, he was walking with his father on the right hand side of Salem Street, in Medford, which is the same side of the street on which their home was located. They passed the waiting station and the storage yard of the defendant, walking on the brick sidewalk. Several tracks led to the car barn from the main line on Salem Street, on one of which there was a car extending into "what was supposed to be the sidewalk." A car with passengers was on the main line, marked either Malden or Everett. The plaintiff was "almost by the car" (extending into the street from the car barn) when he heard his father scream and he "found himself just beyond the tracks on the ground." It appeared that the car on the main track, instead of proceeding toward Malden, turned to the right into the open switch and struck the father and the son, killing the father and severely injuring the son.

There was evidence that the bell or gong on the moving

car was not sounded; that the car made no noise as it approached, and was going at the rate of ten miles an hour; that it was customary to give a signal when cars came from Salem Street to the car barn.   A witness who was apparently familiar with the custom of the defendant testified that never before this day had he seen a car "with passengers in it marked Malden or Everett on Salem Street headed in the direction of Malden going into the car barn on the same car track on which there was an empty car."   The motorman of the moving car testified that the switch was open; that when he started the car he intended to proceed to Malden; that it was a part of his duty to watch all switches and he could give no explanation of his failure to observe the open switch.   It was admitted that there was evidence of the defendant's negligence.

There was evidence of the due care of the plaintiff's intestate and also of John J. Hanley.   The plaintiff's intestate had been employed by the defendant about the car barns on Salem Street for many years prior to the accident.   He was not, however, on duty at this time.   He was on his way to church.   He had no reason to expect that a car, headed toward Malden with passengers in it, would turn into the barn on the track where the empty car was standing, or that it would come over the switch at the rate of ten miles an hour into the side track, without warning.   He might assume that the defendant's rule requiring motormen to be "sure that all switches are properly set before passing over them, coming to a full stop if necessary," would be complied with. It appeared that many pedestrians were upon the sidewalk at the time.   Considering all the evidence bearing on the conduct of the plaintiff's intestate, the jury were warranted in finding that he was using a proper degree of care.   *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519, 523.   *Gagnon* v. *Worcester Consolidated Street Railway*, 231 Mass. 160, 162.   The conduct and care of the son were also for the jury to pass on.   He was not shown to have been careless.

John J. Hanley was asked, "Did you ever see a car with a Malden or Everett sign on it and passengers in it going into

the barn with passengers in the car?" and replied in the negative. The defendant excepted. John J. Hanley was thirteen years of age when injured. Although he had lived in the neighborhood of the car barn and had visited it, he was not shown to have knowledge of or to be sufficiently familiar with conditions to give evidence on this point. But this slight error was in no way harmful to the defendant. Its negligence was not disputed, and there was abundant evidence of the care of the plaintiff and his father.

In the case of John J. Hanley, the judge instructed the jury to the effect that, in walking with his father, he might to some extent rely upon his father's protection. The defendant excepted to this. The evidence showed that the boy was looking and listening; that he saw the car on the main track with the passengers in it, and had no information that it was going into the side track. His care was established by his own evidence. He could not have been affected by his father's lack of care, if as matter of fact he was careless. Even if the evidence did not support the instruction, it is difficult to see in what way the defendant was harmed by it. We find no reversible error in the conduct of the trial.

In each case the exceptions are overruled.

*Exceptions overruled.*