RICHARD KOPACZSKI *vs.* EASTERN AIR LINES, INC. September 13, 1973. This is an action of tort to recover damages for personal injuries sustained by the plaintiff while he was aboard an aircraft of the defendant at Logan Airport. The plaintiff was an employee of a catering service hired by the defendant and was aboard the aircraft as an invitee in that capacity. At the close of the plaintiff's evidence the trial judge directed a verdict for the defendant. The plaintiff's exception thereto brings this case before us. Viewing the evidence in the light most favorable to the plaintiff, it could have been found that on the evening of April 16, 1965, the plaintiff was in the rear section of the aircraft taking out the used meal service equipment and replacing it with fresh service. He was on the aircraft for approximately seven to ten minutes. While he was working he noticed an Eastern flight mechanic enter the aircraft by the rear door and leave a few minutes later, closing this same door behind him. About two minutes later the plaintiff, having completed his work, attempted to exit through this same rear door. He opened the door and while looking back over his shoulder and talking to his helper, stepped out, only to find that the movable stairway leading from the ground below had been removed. His fall and the consequent injuries are the reason for this action. There was testimony that when a movable

stairway was taken from the aircraft, "generally" an Eastern employee would notify those inside of its removal or put a strap across the doorway if the door were open. Except for the flight mechanic's closing of the door behind him, no warning had been forthcoming. The plaintiff argues that the defendant's failure to warn him of the removal of the stairway was a breach of the duty of care owed him as a business invitee. We do not decide whether the defendant had a duty to warn under these circumstances. For even if it be assumed that the removal of the stairs without notice was evidence of negligence, this assumption cannot overcome the necessary conclusion that the plaintiff, by reason of his failure to look before he stepped out of the aircraft, was not in the exercise of due care. *Hultberg* v. *Truex*, 344 Mass. 414, 418-419 (1962), and cases cited. We believe that a prudent person should have looked before stepping out of the door that had been closed and thus would have observed this danger which was open and obvious. "It is inescapable that . . . [the plaintiff] chose to risk the unknown when . . . " he stepped out of the aircraft without looking. *Hultberg* v. *Truex, supra,* at 418. "Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed." *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 379 (1918).

*Exceptions overruled.*

*Samuel Leader* for the plaintiff.
*Robert Fulton* for the defendant.